
STEPHENSON *vs.* STEPHENSON and others.

Where a bill has been filed against an infant defendant and a general answer thereto has been put in by the guardian ad litem, the infant upon his arriving at full age, and before decree, is entitled as a matter of right to an order for leave to put in a new answer, upon his showing to the satisfaction of the court that a new or further answer is necessary to protect his rights.

A bill against an infant while he remains a minor, is a bill for relief merely, as the answer of the guardian ad litem cannot be used as evidence either for or against the infant. And if the infant after he becomes of age applies and obtains leave to put in a new answer in person, it is proper to allow the complainant to amend his bill so as to waive an answer on oath as to him.

Whether an answer on oath can be waived as to one only of several defendants, who have a joint interest in the subject of the litigation ? *Quære.*

THIS was appeal from a decision of the vice chancellor March 7. of the first circuit. At the time of filing the bill in this cause William Stevenson, one of the defendants, was an infant and put in a general answer by his guardian ad litem. After he arrived at the age of twenty-one, upon an affidavit that a special answer would be necessary to protect his rights, he applied to the court for leave to put in a new or further answer or defence to the suit. The vice chancellor gave him permission to file a new answer, or to plead or demur to the bill as he should be advised ; but allowed the complainant to amend his bill so as to waive an answer on oath from this defendant. From this last part of the decision of the vice chancellor William Stevenson appealed.

*W. S. Sears,* for the appellant.

*W. Silliman,* for the respondent.

THE CHANCELLOR. The appellant could not have made any defence under the answer of T. Stevenson which he could not have made under the general answer put in by his guardian ad litem. The abandonment of the defence by T. Stevenson could not, therefore, in any way alter or

1837.

Stephenson
v.
Stephenson.

prejudice the rights of the appellant. But in this stage of the suit, and before he had taken any steps in the cause in his own name after he came of age inconsistent with such a claim, it was a matter of course, upon his showing that a further answer was necessary to protect his rights, to permit the minor who had arrived of age to put in a new defence. The general answer is merely a denial of the allegations in the bill. And where the infant has any distinct and separate defence which requires other matters to be put in issue, not contained in the bill, it is right and proper to give him an opportunity to put in a new answer when he arrives at age, in case the guardian ad litem, either through ignorance of the infant's rights or otherwise, has neglected to put in an answer which is sufficient to cover the whole defence. The vice chancellor was therefore right in allowing the appellant to make a new defence.

But as the appellant chose to abandon the answer put in by the guardian ad litem, it was also a matter of course to permit the complainant to amend his bill, so far as the rights of this defendant were concerned. At the time the bill was filed, and when this defendant was an infant, it would have been useless to waive an answer from him on oath, as his guardian ad litem could not put in an answer which could be used as evidence either for or against the infant. (*Bulkley* v. *Van Wyck*, 5 *Paige's Rep.* 536.) It is in consequence therefore of this special application to put in a new answer by the defendant in person after he is of age, that it becomes necessary for the complainant to decide whether he will make this a mere bill for relief against this defendant, as it in fact was while he was a minor, or a bill for a discovery and relief, as it would now be if he should not amend so as to waive the necessity of an answer on oath. There is nothing in the case which shows that there is any other adult defendant who has a joint interest with the appellant; and the question does not therefore arise whether an answer on oath can be waived as to one and not as to the other in such a case.

The decision of the vice chancellor was right; and the order appealed from must be affirmed with costs.