42  155
088  254

## William K. Ingersoll *et al.* *v.* Charles Ingersoll *et al.*

1. PROCESS: INFANTS: HOW SERVED WITH PROCESS: APPOINTMENT OF GUARDIAN AD LITEM. — The provisions of art. 64, p. 489, of the Revised Code, requires that process for an infant defendant shall be served personally, and on his or her father, mother, or guardian, if any, resident in this State. A guardian *ad litem* for an infant defendant cannot be appointed until the process has been served or publication made as required by law. Rev. Code, art. 52, p. 548.

2. PUBLICATION AS TO NON-RESIDENTS: PLACE OF RESIDENCE MUST BE SHOWN, AND CLERK DIRECTED TO TRANSMIT BY MAIL COPY OF PUBLICATION. — The affidavit, or application for an order of publication as to an absent or non-resident defendant, must state the place of residence of such defendant, and the order of publication must require the clerk to transmit by mail a copy of the publication, addressed to the defendant at the place mentioned in the affidavit.

3. INFANTS: EFFECT OF ANSWER: NO DECREE WITHOUT PROOF. — No decree can be taken against an infant on his own admissions, or those of his guardian *ad litem;* but every allegation, to affect him, must be duly proven.

4. MORTGAGES AND DEEDS OF TRUST: SUITS TO FORECLOSE: COMMISSIONER TO STATE AN ACCOUNT NEED NOT GIVE NOTICE. — In suits to foreclose mortgages and deeds of trust, it is unnecessary for the commissioner to whom a reference is made to compute the amount due, to give notice to the parties of the time and place of taking the account. Rev. Code, 544, art. 48.

5. CHANCERY PRACTICE: REVERSAL OF THE DECREE AS TO ONE NOT NECESSARILY A REVERSAL AS TO ALL. — Where a decree has been rendered in

the Chancery Court against adults and infants, on *pro confesso* against the former, without proof, and the High Court of Errors and Appeals on that account reverses the decree, the *pro confesso* as to the adults will not thereby be set aside. The cause will proceed in the Chancery Court, as if no decree had been pronounced against the infants, leaving to its legal discretion whether the *pro confesso* will be set aside or not.

APPEAL from the Chancery Court of Yazoo county. Hon. J. A. P. Campbell, judge.

Charles J. Ingersoll, in 1861, filed his bill in the Chancery Court of Yazoo county, against Sarah G. Ingersoll, administratrix, and Charles J. Ingersoll, Jr., administrator of John Ingersoll, and said Charles J. Ingersoll, Jr., William M. Ingersoll, Mary Ingersoll, Helen Ingersoll, and Caroline G. Ingersoll, heirs of John Ingersoll (the last two named being infants), to foreclose certain mortgages executed by John Ingersoll and wife. Process as to all the defendants was returned: "Executed the within writ, May 16, 1861, by delivering true copies of the same to the defendants in person." In 1866 a bill of revivor was filed, stating the death of Charles J. Ingersoll, complainant, and Mary Ingersoll, one of the defendants, and asking that the cause be revived, in the name of Charles, Harvey, and Edward Ingersoll, executors of the last will and testament of Charles J. Ingersoll, and that, as the heirs of Mary Ingersoll were already before the court, that the cause be discontinued as to her. Upon the filing of this bill of revivor, process was issued for all the defendants in the original bill, except Helen Ingersoll, who was stated to be a resident of the city of New Orleans. Process for the adult defendants was returned properly executed, and as to Caroline G. Ingersoll returned as follows: "Executed May 5th, 1866, by delivering a copy to her." At rules, an order of publication was made for Helen Ingersoll. This order does not state the residence, nor does it direct the clerk to transmit a copy of the publication by mail, nor is there any evidence appearing in the record that such order of publication was sent by mail, addressed to Helen Ingersoll, New Orleans. A guardian *ad litem* was appointed for Helen In-

gersoll and Caroline G. Ingersoll, who answered, "that he knows nothing of the facts stated in the bill, and requires strict proof of the same." Decree, *pro confesso*, against adult defendant. Final decree against all the parties, ordering a sale of the mortgaged lands. This decree was made without any proof of the statements in the bill. Defendants in the court below bring the cause here by appeal. The errors assigned are stated in the opinion of the court.

*W. & J. R. Yerger* for appellants.

The errors in this record are apparent. It is a proceeding to foreclose a mortgage on lands belonging to John Ingersoll, deceased. His heirs are made parties. Part of them are minors. The bill of revivor stated that Helen Ingersoll, one of the heirs, was a minor, and resided in New Orleans, being a non-resident of the State of Mississippi. As to her, the publication is entirely defective according to the requirements of the law. See Rev. Code, 545, art. 34; Acts of 1862, p. 264; and case of *Foster* v. *Simmons*, 40 Miss. Rep. 585.

The record nowhere contains any evidence that notice was transmitted to her at New Orleans, as required by the Act of 1862, nor does the order of publication even direct it to be done.

She was not, therefore, duly notified, either personally or constructively, and the order appointing a guardian *ad litem* was irregular. See Rev. Code, 548, art. 52.

The service of process on an infant is to be made on the infant personally, and on her father, mother, or guardian, if any be here in this State. Rev. Code, 489, art. 64.

The service on the original process is defective as to the minors. It does not appear from it that it was served on them personally, and also on their mothers. It has been repeatedly held that the return must show how the service is made, or that it was served on the mother of the minor.

The same remark is applicable to the process on the bill of revivor.

But the decree was made without proof. So likewise the re-

port of the commissioner.    No *pro confesso* can be taken against minors.    No decree can be made against them, even on their own admission, or the admission of their guardian *ad litem*.    Every allegation, to affect them or their interests, must be duly proven.    Story's Eq. Pl. §§ 871–892; 1 Daniel's Ch. Pr. 219.

The complainant in suits against minors must prove his demand in court, or before a master.    *Mixer* v. *Dennis*, 3 Johns. Ch. Rep. 367; 8 Ohio Rep. 377; 1 McLean Rep. 125; 3 Dana Rep. 35.

In this case there was no proof in court or before the master of the amount claimed.    The whole case went off on the allegations in the bill.    It is clear, from an inspection of them, that the state of accounts between complainant and the ancestor of these minors was very complicated.    Their dealings began in 1841, more than twenty-five years before the decree in this case. The testator, Charles Ingersoll, states in his will made in 1861, after the death of his son John, that the debts of his son John, to him, "were much perplexed."    Notwithstanding this, six years afterwards, the case was referred on one day to a commissioner to state the account, and report, which he did on the very next day, and the report was confirmed and a final decree made in less than forty-eight hours from the day the guardian *ad litem* was appointed.

*Hudson & Nye* for appellees.

The assignments of error in this case are not well taken or sustained by the record, in point of fact.

Upon the filing of the bill in this case, the defendants had due and legal notice, according to the then existing laws, of this suit, and the defendants were properly in court (see p. 55 of the record), and being in court, no further or other notice was necessary or required in the premises, but once in court, always in court until judgment or decree.

By the ancient rules, practice, and law, upon the death of the complainant, the suit *abated*, and could only be *revived* by bill of revivor in the nature of a new bill and new suit; or a new

answer or defence and notice thereof in such cases was usually, necessary; but this delay, labor, and expense, has been obviated by our statute. Suits and bills do not now abate by the death of either party pending the suit, but if the plaintiff or complainant dies before judgment or decree, it merely *suspends, not abates, the suit,* until such death is *suggested,* and the suit revived upon suggestion, in the name of the legal representative of the deceased party. This is done by a mere suggestion to the court, and entered of record. No bill of revivor or *sci. fa.* is necessary to be filed or issued, or *notice thereof to the defendants* in such case. The *defendants* are by *process and service already in court,* the suit not having *abated.*

If the defendant dies, the suit does not abate, but such death is suggested of record, and a *scire facias* issues to the legal representative of such deceased party, to appear and defend the suit. Service of this *scire facias* is necessary, unless the representative voluntarily appears.

What necessity, reason, or practicability, unless the suit had abated, was there for notice to the defendants that the bill would be revived in the name of the original complainant, executor, or administrator? Why is this any more necessary in a court of chancery than in a court of law? The parties in either case or court, are in court, unless defendant dies before summons, or service of summons. Our law and practice on this subject are plain and simple, and made so by our statutes, declaring that no suit or bill *shall abate* by the death of *either party,* where the right of *action survives.* See Rev. Code, p. 546, art. 625; p. 546, art. 38; p. 566, art. 23; p. 456, art. 124; p. 534, arts. 300–301; 23 Miss. Rep. 25; 25 Miss. Rep. 430; Rev. Code, p. 545, art. 32; 26 Miss. Rep. 397; 28 Miss. Rep. 78; 30 Miss. Rep. 21; 31 ib. 201; 37 ib. 482; 39 Miss. Rep. 342. (Art. 32, p. 445, is conclusive.) No bill of revivor or process is needed for the administrator of complainant.

The bill of revivor filed in this case, and notice to defendant, was unnecessary, and under a misapprehension of the law and practice, and amounts only to a suggestion of the death of the original complainant, and a revival in the name of his executor,

and is sufficient for that purpose, although *no notice thereof* was *served* on the *defendants*, who were still alive, in court upon its process, and never out of court since the service of the original process, because the case had never *abated*. No new suit was necessary, nor was it necessary to reaffirm the original bill and its allegations, and call on defendants by process and service anew to answer the bill, to which they had already been summoned, and were legally in court upon its *valid* and *unabated* process to answer. It was but a continuation of the same suit, same bill, same equity, and against the same parties in court.

Nor does the fact that a bill of revivor under a misapprehension of the law was filed, and process issued, *vacate* or *abate* the original suit, or make it necessary that such process and notice should be served, or the failure to serve such process or notice constitute any error of law. It was a *mere surplusage*, unnecessary to either party, and in no way to the prejudice of the defendants, in law. It only amounts to a suggestion of death of complainant and leave to revive in the name of his executor.

Courts of equity will act in analogy to courts of law, upon statutes invoked or involved in their action and consideration, although not enacted directly in application to courts of equity, unless restrained by some positive law.

Peyton, J., delivered the opinion of the court.

The record in this case shows that Charles J. Ingersoll filed his bill in the Chancery Court of Yazoo county against Sarah G. Ingersoll, administratrix, and Charles J. Ingersoll, administrator, of the estate of John Ingersoll, deceased, and Sarah G. Ingersoll, widow of said John Ingersoll, and the said Charles J. Ingersoll, Jr., and William K. Ingersoll, Helen Ingersoll, Mary Ingersoll, and Caroline G. Ingersoll, infant heirs-at-law of the said John Ingersoll, deceased, to foreclose certain mortgages executed by the said John Ingersoll and wife, to secure the payment of a large amount of indebtedness to the complainant, and to subject certain real estate therein specified to the

payment of said indebtedness. That during the pendency of the suit, the complainant, and Mary Ingersoll, one of the defendants, departed this life, and the suit was revived and prosecuted in the names of the appellees, as executors of the last will and testament of the said Charles J. Ingersoll, deceased. That Helen Ingersoll was a non-resident of this State, and resides in New Orleans, in the State of Louisiana. That a guardian *ad litem* was appointed by the court at the November Term thereof, 1866, for Helen Ingersoll, and Caroline G. Ingersoll, infant heirs of the said John Ingersoll, deceased, and that at the same term, the bills of complaint were taken as confessed against all the adult defendants for want of an answer. The guardian of said infant defendants answers and " says that he admits the allegations of complainants' bill so far as he knows, but that he knows nothing of his own knowledge," and calls for strict proof of the allegations of the bill. A commissioner was then appointed to take an account of the amount of money due the complainants, and upon the confirmation of the report of the commissioner, a final decree was rendered by the court to sell certain lands specified in said mortgages, to pay the amount found due the complainants, if the same was not paid within thirty days from the date of the decree. From this decree the appellants appeal to this court, and make the following assignment of errors:—

1. The court erred in rendering a decree in favor of the complainants.

2. The court erred in appointing a guardian *ad litem* for the minors.

3. The process had not been duly served upon Helen Ingersoll, a minor, and publication and notice to her as a non-resident had not been duly made, to authorize a decree against her or the appointment of a guardian *ad litem* for her.

4. There was no evidence taken to justify a decree against the minors.

5. There was no notice of the time and place of taking the account by the commissioner.

6. The answer of the minors admitting no liability, it was

necessary to prove the claim set up in the bill, and there was no proof either before the court or the commissioner.

7. Process was not duly served and publication made so as to justify a *pro confesso* against the adults, and the appointment of a guardian *ad litem* for the minor defendants.

8. The decree is without evidence to sustain it against either the adult or minor defendants.

We will consider the second and third assignments of error together, as they present the questions of the sufficiency of the service of process upon Caroline G. Ingersoll, the resident minor, and of the publication and notice to Helen Ingersoll, the non-resident minor, to authorize the appointment of a guardian *ad litem* for them, or to justify a decree against them.

The process against Caroline Ingersoll was returned, by the sheriff of Yazoo county, executed on the 5th day of November, 1866, by delivering a copy to her. This is not in accordance with the requirements of the statute. Article 64 of the Revised Code, 489, provides that, if the defendant be an infant under the age of twenty-one years, the process shall be served on the infant personally, and on his or her father, mother, or guardian, if he or she have any in this State. And the statute provides that no appointment of a guardian *ad litem* shall be made for an infant, except on the application of such infant, until after process shall have been returned executed, or proof of publication made. Rev. Code, 548, art. 52. This provision clearly contemplates that the process as to the resident infant must be executed, and the proof of publication as to the non-resident infant must be made, in compliance with the requisitions of the law, in order to authorize the appointment of a guardian *ad litem*. The process that was served on Caroline Ingersoll should also have been served on her father, mother, or guardian, if she had any in the State, and if not, that fact should be stated in the return, in order to justify the appointment of a guardian *ad litem* for her.

The statute of 1862 (Pamphlet Acts, 264) makes it the duty of the court making any order of publication against an absent or non-resident party to require the person applying for such

order to state in his affidavit the residence of such absent or non-resident party, if the same can be ascertained, and such court shall direct the clerk to transmit by mail a copy of such order to such absent or non-resident party. The affidavit shows the place of residence of the non-resident defendant, Helen Ingersoll. The order requiring publication to be made should have contained a direction to the clerk to transmit by mail a copy of such order to the non-resident defendant; and, having failed to do so, the publication falls short of the requirements of the law, and is, therefore, insufficient to justify the appointment of a guardian *ad litem* for Helen Ingersoll, in the absence of any evidence that a copy of the order of publication had been transmitted to her in pursuance of the statute.

The fourth assignment of error is well taken. It is a well-settled doctrine that there can be no valid decree against an infant by default, nor on his answer by his guardian; but the plaintiff must prove his demand in court, or before a master. No decree can be taken against an infant on his own admissions, or the admissions of his guardian *ad litem ;* but every allegation to affect him must be duly proven. Tyler on Infancy and Coverture, 172, 173; Story's Eq. Pl. 668, § 871; *Mills* v. *Dennis*, 3 Johns. Ch. Rep. 367; *Massie's Heirs* v. *Donaldson*, 8 Ohio, 377. A court of chancery will not decree against infants without full proof, though their guardian *ad litem* confess the ground of action. *Walton and Heirs of Payne* v. *Coulson*, 1 McLean's Rep. 120, 134; *Chalfaut* v. *Monroe*, 3 Dana, 35; *Hite's Executors* v. *Hite's Legatees*, 2 Rand. 409.; *James and Wife* v. *James and others*, 4 Paige, 115, 119; *Stephenson* v. *Stephenson*, 6 Paige, 353.

The answer of an infant amounts to nothing. It cannot be read against him, nor can it be excepted to. It is to be considered not exactly as a defence, but rather as the appearance of a mere formal party before the court. The plaintiff must prove his case. 1 Hoffman's Ch. Pr. 233. It is considered a pleading merely, and not an examination for the purpose of discovery. It is not evidence in his favor, therefore, although

it is responsive to the bill, and sworn to by the guardian *ad litem*. Nor can it be read against him. 1 Barbour's Ch. Pr. 150. As the record in this case does not contain the evidence upon which the court or commissioner acted, the decree cannot be sustained.

Even if the service of process on the infant, Caroline G. Ingersoll, and the publication and notice to the non-resident infant, Helen Ingersoll, had been sufficient, the decree could not be sustained without an answer of the *infants* by their guardian *ad litem*, and full proof made of the complainants' claim. In this case there was neither an answer of the infants nor proof taken to establish the claim. The answer of the guardian *ad litem* is his *own* answer and not that of his infant *wards* by him. The cause, therefore, was not in a condition for final hearing at the time the decree was rendered. These views dispose of the first, sixth, seventh, and eighth assignments of error.

We now proceed to the consideration of the fifth assignment of error. In suits to foreclose mortgages and deeds of trust, it is unnecessary for the commissioner to give notice to the parties of the time and place of taking the account. Rev. Code, 547, art. 48; *Kilcrease* v. *Lum & Wife*, 36 Miss. 569. There is no error, therefore, in the failure of the commissioner to give notice to the parties of the time and place of computing amount due.

Where a decree has been rendered in the Chancery Court against adults and infants, on *pro confesso* against the former, without proof, and this court on that account reverses the decree, the *pro confesso* as to the adults will not thereby be set aside. The cause will proceed, in the court below, as if no decree had been pronounced, leaving it to the court to set aside the *pro confesso* or not, according to its legal discretion.

The decree will be reversed and the cause remanded.