HAMILTON MOODY ET AL. *v.* R. F. McDUFF.

1. CHANCERY PRACTICE. *Decree against infant. Service of process.*
A decree in chancery against an infant upon service of process on him alone, without any service as to his father or guardian, is erroneous, under the Code of 1871, where the record fails to show that the infant had no father or guardian in this State. *Erwin* v. *Carson,* 54 Miss. 284, cited.

2. SAME. *Decree reversed as to infants. Pro confesso as to adults.*
Where this court reverses a final decree in chancery against infant and adult defendants, upon their joint appeal, for the reason that the record fails to present the proper showing of service of process as to the infants, if the decree as to the adults be based upon *pro confessos,* it will be left to the discretion of the chancellor to whose court the case is remanded whether to set aside such *pro confessos. Ingersoll* v. *Ingersoll,* 42 Miss. 155, approved; *Hamilton* v. *Lockhart,* 41 Miss. 460, restricted.

APPEAL from the Chancery Court of Copiah County.

Hon. E. G. PEYTON, Chancellor.

Upon a bill filed on the 19th of November, 1878, by R. F. McDuff against Hamilton Moody and Mary A. Mitchell, adults, and Samuel and Littleberry Moody, minors, a final decree was rendered on the 16th of January, 1879, against the defendants, all of whom appealed to this court. The other facts of the case are stated in the opinion of the court.

*R. N. Miller,* for the appellants.

1. The record shows that the court below did not acquire jurisdiction of the infant defendants, and therefore the decree was erroneous as to them. *Erwin* v. *Carson,* 54 Miss. 284.

2. The decree being erroneous as to the infant defendants, should be reversed as to the adult defendants also. *Ingersoll* v. *Ingersoll,* 42 Miss. 162.

No counsel in this court for the appellee.

CHALMERS, C. J,, delivered the opinion of the court.

Final decree confirming a tax-title was rendered against two minors and two adult defendants, upon *pro confessos* as to the latter, and answer of guardian *ad litem* as to the former. The service of summons was personal as to all the defendants, but there was no service upon any father or guardian of the minors, nor does the record anywhere negative the existence in this State of a father or guardian.

The decree must, therefore, be reversed as to the minor defendants. *Erwin* v. *Carson*, 54 Miss. 284.

This does not necessitate the setting aside of the *pro confesso* as to the adults, but that will be left to the sound discretion of the chancellor in the further progress of the cause, as was held in *Ingersoll* v. *Ingersoll*, 42 Miss. 155.

In the recent case of *Rule* v. *Broach et al.*, *ante*, p. 552, we declared that we would not, except in probate proceedings, adhere to the rule announced in *Hamilton* v. *Lockhart*, 41 Miss. 460, that a decree erroneous as to one defendant would be deemed erroneous as to all. We understand the chancery rule to be just the reverse, and that each party in this forum stands upon his own rights, and is aggrieved only by errors that affect him.

Decree reversed and cause remanded.

COOPER, J., having been of counsel, takes no part in this decision.