# CHARLESTON

## JOHNSON *et al.* v. LUDWICK *et al.*

Submitted September 15, 1905.   Decided December 12, 1905.

1.  EQUITY—*Petition for Rehearing—Process.* ·

Where a defendant has not been served with process in this State, and has not appeared in the cause, he has the right to file a petition for a re-hearing, as provided in section 14, chapter 124, Code, and as a prerequisite to such right, it is not required that he return to and appear openly in this State.  This is only required in attachment proceedings, where a defendant is proceeded against by order of publication, and where he did not appear and make defense.   (p. 466.)

2.  PROCESS—*Service—Return.*

A return of service of process, which shows that it was served by posting at the usual place of abode of the defendant, the defendant not being found, is defective, in not stating that the wife, or some member of the family of the defendant, over sixteen years of age, was not found at such usual place of abode.   (p. 467.)

3.  EQUITY—*Decree—Want of Process—Reversal.*

A personal decree taken against one who was not served with process and who did not appear in the cause, is void, and upon a proper bill of review, filed for that purpose, the decree will be reversed.   (p. 468.)

4.  TRUSTS—*Resulting Trust—Conveyance to Wife—Presumptions.*

Where land is purchased and paid for by the husband, and the conveyance taken in the name of the wife, the *prima facie* presumption is that a gift was intended, and in such case no resulting trust will arise, unless the presumption as to intention, which in such case is one of fact, and not of law, is repelled by competent evidence. And the evidence required to rebut such presumption must be clear and convincing.   (p. 470.)

5. TRUSTS—*Express Trust.*

   But where land is purchased and paid for by the husband, and the conveyance taken in the name of the wife, pursuant to an understanding and agreement between them at the time of the purchase and conveyance, that the land is to be held by the wife for the benefit of the husband, this creates an express trust, which will be enforced in favor of the husband.  (p. 471.)

6. EQUITY—*Bill of Review—Joint Decree—Reversal as to One Defendant —Effect.*

   A wife, holding the legal title to a tract of land, died, leaving surviving her, her husband, and her heirs at law, a brother and two sisters.  After her death, the husband, claiming to have purchased the land and to have paid the purchase money therefor, and to have had the same conveyed to the wife, pursuant to an agreement between himself and wife, that she would take the conveyance in her name and hold the land in trust for him, filed his bill in equity against the heirs for the enforcement of the trust.  There was no legal service of process upon one of the defendants.  The defendants, being co-tenants, and the decree against them being joint, a reversal of such decree, upon bill of review, as to the one not served with process, operates as a reversal as to all of them.  (p. 471.)

Appeal from Circuit Court, Barbour County.

Bill by John W. Johnson and others against Jacob M. Ludwick and others.  Decree for defendants, and complainants appeal.

*Reversed.*

DENT & DENT, C. M. MURPHY, and W. R. D. DENT, for appellants.

J. HOP WOODS, for appellees.

SANDERS, JUDGE:

On the 20th day of September, 1901, Mary E. Ludwick died, seised and possessed of a certain tract of land of about one hundred acres, lying in Barbour county, which was conveyed to her on the 25th day of June, 1887, by Morris W. Mauler and others.  She left surviving her a husband, Jacob M. Ludwick, and her heirs at law, two sisters, Hannah Bryan and Susan Johnson, and one brother, John W. Johnson.  In 1893 Jacob M. Ludwick instituted in the circuit court of said county a chancery suit against the heirs of his deceased wife, claiming to be entitled to hold in fee simple the said tract of land, by reason of an understanding and agreement had between himself and wife at the time of the

conveyance of the land to her by Mauler and others in 1887, to the effect that he was to pay the purchase money, and she was to take the conveyance in her name and hold the land for him; thereby asking for the establishment and enforcement of a secret, express trust between himself and wife.    Hannah Bryan was proceeded against by order of publication, and John W. and Susan Johnson were served by leaving the process at their usual places of abode.    Neither of the defendants appeared, and a decree on the bill taken for confessed as to the resident defendants, and order of publication as to Hannah Bryan, was pronounced, holding that Mary E. Ludwick, the wife of the plaintiff, at the time of her death held the said land in trust for the plaintiff as her husband, and enforcing the trust by decreeing a conveyance of the land to plaintiff.    As provided by the decree, the land was conveyed to the plaintiff, Jacob M. Ludwick, by a commissioner appointed for that purpose, on the 23rd day of November, 1903, and in May, 1904, Ludwick, for the consideration of thirteen hundred and thirty-eight dollars, one-third cash and the residue in one and two years, conveyed the coal underlying said land to James M. Guffey.    The appellants, learning of said decree and the deed made in pursuance thereof, in April, 1905, filed their petition for re-hearing and bill in equity in the nature of a bill of review, and motion to correct for errors apparent on the face of the record, and filed with said petition a bond for costs as required by statute, and in May following, Jacob M. Ludwick, by his counsel, moved the court to dismiss plaintiffs' bill and petition, for want of equity, which motion was sustained and the bill dismissed, and this decree is now here, on appeal, for review.

In disposing of the questions arising herein, it will be first proper to determine whether or not Hannah Bryan, who was proceeded against as a non-resident by order of publication, and who did not appear in the cause, had the right, upon filing her petition and executing bond, to have a re-hearing of the cause.

"Any unknown party or other defendant, who was not served with process in this State, and did not appear in the case before the date of such judgment, decree or order, * * * may file his petition to have the proceedings reheard in the manner and form provided by section twenty-

five of chapter one hundred and six of this Code, and not otherwise; and all the provisions of that section are hereby made applicable to proceedings under this section." Section 14, chapter 124, Code, 1899.

"If a defendant against whom, on publication, judgment or decree has been or shall hereafter be rendered, * * * shall return to or appear openly in this State, he may, * * * petition to have the proceeding re-heard. On giving security for the costs which have accrued and shall hereafter accrue, such defendants shall be admitted to make defense against such judgment or decree," etc. Section 25, chapter 106, Code, 1899.

It is submitted by counsel for the appellees that before the plaintiff, Hannah Bryan, would be entitled to such relief under section 14, chapter 124, she must proceed in the manner provided by that section, that is, file her petition to have the proceedings reheard in the manner and form provided by section 25, chapter 106, *and not otherwise*, as all of the provisions of section 25 are made applicable to section 14, and by section 25 it is required that the person filing such petition. *shall return to or appear openly in this State*, so that before she would be entitled to invoke the jurisdiction of the courts of this State in her behalf, or for the purpose of correcting an error against her, she must first place herself within its jurisdiction, in order that the court, if granting or refusing her relief, may have jurisdiction of her person and her property. Therefore, in dealing with this question, we are called upon to construe the meaning of the words, "*and not otherwise*," found in section 14, and the words, "*shall return to or appear openly in this State*," in section 25, chapter 106. It nowhere appears from the record that this petitioner has or has not *returned to or appeared openly in this State*, and therefore it is presumed that appellees' counsel claims that it should affirmatively appear in the petition filed for such re-hearing that petitioner has returned to or appeared openly in the State, and that the petition not so stating, it was proper for the court to refuse the re-hearing and dismiss the petition. Under section 14, chapter 124, it is provided that any unknown party or other defendant who was not served with process in this State and did not appear, etc., within a certain time, can file a petition to have the

proceedings reheard.   How?   *In the manner and form pro-vided* by section 25, chapter 106, and not otherwise.   The right to this class of persons is given to file the petition, but it must be done in a certain manner.   This relates to the manner of proceeding.   The absolute right is given to the party to file the petition, but it must be done under that sec-tion, and proceeded with as therein provided, as, for instance, before the defendant shall be admitted to make defense, he shall give bond for costs which have accrued and which shall hereafter accrue, but when this is done, he has the right to make defense against the judgment or decree in the same manner as if he had appeared before the same was rendered. Under section 25, chapter 106, it is not said that any unknown party or other defendant not served with process may file a petition to rehear, but it says:  "If a defendant against whom, on order of publication, judgment or decree has been or shall hereafter be rendered  *  *  *  shall return to or appear openly in this State," he may, within a certain time, file such petition.   The words, *"return to or appear openly in this State,"* are to classify the persons who can, under section 25, have re-hearings, and do not limit the persons referred to in section 14 to such persons thereby classified, but any un-known party or other defendant, who was not served with process in this State, and who did not appear, may file such petition, but must do so in the manner provided in said sec-tion 25.   Therefore, Hannah Bryan was entitled, upon the filing of her petition, and the execution of bond, to make defense against the decree; and to deny her this right, was error.

Then as to Susan Johnson; there was no legal service of process upon her.   It purports to have been served by leav-ing a copy posted at her usual place of abode, but the return of service fails to show a compliance with the statute.   It is in the following words:  "On the 27th day of July 1903, I executed the within summons on Susan Johnson by posting and leaving posted at the front door at her usual place of abode a copy in Taylor county, West Virginia she not being there or elsewhere found.   J. W. Selvy, Deputy for B. F. Sayre, S. T. C."   The statute provides that process may be served by delivering a copy to the person sought to be served, or if he be not found, by delivering such copy at his

usual place of abode, to his wife, or to any other person found there, who is a member of his family, and above the age of sixteen years, and giving information of the purport of such copy to the person to whom it is delivered; or if neither his wife nor any such other person be found there, and he be not found, by leaving such copy posted at the front door of such place of abode. So it will be seen that to make service, process must be served upon the person, if found, and if not found, upon his wife or some member of his family over the age of sixteen years; and then, if neither be found, it can be served by posting. The return does not show that the wife, or some member of the family over the age of sixteen years, was not found there. The return must show these facts, in order to constitute a valid return of service. This is substitutive service, and the statute must be complied with. It must be given to the wife, or member of the family, if found at the usual place of abode, before the right exists to serve by posting. Service of process is necessary to a valid judgment or decree, and when the service is substitutional, the statute must be strictly complied with. The process may have been regularly served, but the only evidence we have as to such service is the return of the officer, and if it fails to disclose that the requirements of the statute have been complied with, the service is so defective that we must hold that it is equivalent to no service, and any decree rendered against the petitioner is, therefore, a nullity. *Adkins* v. *Insurance Co.*, 45 W. Va. 384. Therefore, the petitioner, Susan Johnson, not having been served with process, and the decree, for that reason, being void, she not only had the right to file her petition under section 14 of chapter 124 of the Code, for a re-hearing, but she was entitled to have it treated as bill of review, which was asked by her to be done; and the action of the court, in refusing to so treat it, was erroneous. A decree taken without the service of process, or where the return of process is so defective as not to show that the party was properly before the court, is such as should be reversed, upon a proper bill of review, filed for that purpose. Therefore, the court not only erred in dismissing her bill of review, but also erred in refusing to entertain her bill and reverse the final decree entered in the cause of Jacob M. Ludwick against the appellants. *McCoy* v. *Allen*, 16 W. Va. 724.

The summons upon John W. Johnson, as has been noted, was served by leaving a copy at his usual place of abode with his wife, he not being found. This service conforms to the statute, and is, therefore, good. But counsel presents that, inasmuch as it is substitutive service, under section 14, chapter 124, Code, he should be accorded the privilege of a re-hearing. It is true that the service is substituted for actual service, but, at the same time, it is, under our statute, regarded as personal service, and such as forms the basis for a personal decree or judgment. It may, in some instances, work hardships, but nevertheless, our statute, said section 14, has provided for it, and only such persons as are unknown, or other defendants who were not served with process in this State, or who did not appear in the case, can file such petition for a re-hearing under that section. This does not apply to one who was served with process in this State, although the service may be substitutional, and to so construe this section, would be giving it a very elastic construction, indeed.

Not being entitled to have the pleading treated as a petition for re-hearing, it is claimed on behalf of the petitioner, John W. Johnson, that it should be treated as a bill of review, for errors apparent. This, of course, is correct, as it sets forth all the requirements of a bill of review, and when this is done, as this Court has repeatedly held, it is immaterial what the pleading is denominated, if it contains the necessary allegations to give the plaintiff relief. Then, treating it as such, the question arises, is there error in the decree or proceedings sought to be reviewed? It is urged that the court below should have dismissed the original bill, on its own motion, because it showed, upon its face, that the plaintiff was not entitled to the relief asked. This contention cannot be sustained. The bill was taken for confessed as to the petitioner, and it contains allegations to the effect that the land which was conveyed to Mary E. Ludwick was purchased and paid for by Jacob M. Ludwick, with an express understanding and agreement between him and his wife, at the time, that she would take the conveyance in her own name, and hold the title in trust for him. This Court has held that where land is purchased and paid for by one person, and a conveyance taken to another, with the understanding and agreement that it will be held in trust for the purchaser,

there arises an express trust, which will be enforced in equity; but it is also held that if the person in whose name the conveyance is taken is the wife of the person who paid the purchase money, the *prima facie* presumption is that a gift was intended, and, in such case, a resulting trust will not arise. But this is only a *prima facie* presumption, and where the bill alleges, as it does here, that it was the express understanding and agreement between the one who purchased and the one in whose name the conveyance was taken, that the land should be held in trust for the purchaser, there is a sufficient allegation upon which to compel its enforcement. But if the allegations of the bill, in this regard, were denied, it would devolve upon the husband to show that it was not a gift, but that the land was to be held by the wife for his benefit. *Deck* v. *Tabler*, 41 W. Va. 332. Therefore, if the allegations of the bill are true, and, as the bill was taken for confessed, they are taken to be true, we see no error, in this respect, which calls for a reversal of the decree.

But it may be claimed by the plaintiff, John W. Johnson, that it was error to take the decree upon the original bill without having Susan Johnson before the court, she being a co-tenant with him and Hannah Bryan, and sued jointly with them; but whether this is such error as he could take advantage of, it is not necessary to determine, because the reversal of the decree upon the part of Susan Johnson operates as a reversal of the entire decree. Upon the death of Mary E. Ludwick, this land descended to the plaintiffs, and is held by them as co-tenants. Jacob M. Ludwick, under the allegations of his bill, is entitled to the whole tract, or no part of it, and any defense advanced by one of the heirs will redound to the benefit of the others. It cannot be a trust as to the interest of one and not as to the interest of the others. It is not so claimed. The estate is joint, and the decree is, likewise, joint, and when reversed as to one, it is reversed as to all. *Vandiver* v. *Roberts*, 4 W. Va. 493; *Lyman* v. *Thompson*, 11 W. Va. 427; *Vance Shoe Co.* v. *Haught*, 41 W. Va. 275; *Holderby* v. *Hagan*, 57 W. Va. 341, 50 S. E. R. 437; *Dickenson* v. *Davis*, 2 Leigh, 401; *Lenows* v. *Lenow*, 8 Grat. 349; *Walker* v. *Page*, 21 Grat. 836; Hogg's Eq. Pro. sec. 607.

For the reasons given, the decree dismissing the plaintiffs'

petition and bill of review, and the decree rendered on the 31st day of October, 1903, upon the original bill filed by Jacob M. Ludwick against the plaintiffs, holding that the land conveyed to Mary E. Ludwick, his wife, was held in trust by her for Jacob M. Ludwick, are reversed, and this cause is remanded.

*Reversed.*