# CHARLESTON.

## LUDWICK *v.* JOHNSON *et als.*

### Decided May 10, 1910.

1. TRUSTS—*Resulting Trusts—Proof to Establish.*

   In the case of a conveyance of land to a wife, a parol trust therein in favor of her husband may be established by proof that the latter paid the purchase money in pursuance of an oral agreement between them, antedating, or contemporaneous with, the conveyance, that he should do so and that the wife should take the legal title in trust for him.

2. SAME—*Conveyance to Wife—Presumption of Gift—Resulting Trusts.*

   *Prima facie,* such a conveyance is a gift from the husband to the wife, but the presumption of donation, arising from mere payment of the purchase money by the husband, is rebuttable.

Appeal from Circuit Court, Barbour County.

Bill by Jacob M. Ludwick against John W. Johnson and others. Decree for complainant, and certain defendants appeal.

*Affirmed.*

*C. M. Murphy, W. R. D. Dent,* and *Dent & Dent,* for appellants.

*J. Hop Woods,* for appellee.

POFFENBARGER, JUDGE:

The nature and object of this suit are fully disclosed by the opinion in *Johnson* v. *Ludwick,* 58 W. Va. 464. After the cause was remanded, an amended bill, substantially the same in its allegations as the original bill, was filed. To this, the defendants demurred, and, their demurrers having been overruled, filed an answer. Depositions were taken and filed, and, on the hearing, a decree was pronounced, granting to the plaintiff the relief prayed for in his bill. It was adjudged, ordered and decreed that the full equitable title to the tract of land in question was in the plaintiff and the defendants were required, within ten days from the adjournment of the term of the court at which the decree was pronounced, to convey and release to the plaintiff, by an apt and proper deed, their interests in the land, which is here construed to be the legal title inherited from plaintiff's deceased wife, and it was further ordered that, on their failure to do so, such deed should be executed by a commissioner who was appointed by the decree for the purpose. From this decree, the defendants have appealed.

As the sufficiency of the original bill, differing in no substantial respect from the amended bill, was declared by this Court on the former appeal, and the evidence, adduced in support of its allegations, adheres to the theory of the bill, no separate discussion of the demurrer is necessary. What is to be said of the sufficiency of the evidence and the nature of the case made by it will fully suffice.

The evidence consists almost wholly of proof of oral declarations on the part of the wife, the grantee in the deed, that, though the deed was to be taken in her name, because, in that way, the land could be purchased for $100.00 less money, she was wholly unable to pay the purchase money, that the same was to be paid by her husband, the plaintiff, and that she was to convey the land to him later, and proof of her inability, and his ability, to pay it and actual payment thereof by him. Many of these declarations were made before the deed was executed,

while others of subsequent date recognize and admit the trust and express intention to execute it. The circumstances disclosed by the evidence indicate that the husband did, in fact, pay the purchase money. The purchase price was $250.00, of which $200.00 was paid on the delivery of the deed. Of this cash payment, $150.00 was borrowed of Isaac Martin on a note, executed to him by the plaintiff and his wife. The wife of Isaac Martin testifies that the plaintiff paid the note, her husband giving him receipts for the payments and endorsing the same on the note. A paper is filed in the record which purports to show copies of these receipts, indicating payment by the plaintiff. A witness testifies positively to the admission by one of the grantors of his receipt from the plaintiff of a steer and other property in part payment of the note, held for the remaining $50.00 of the purchase money, and another witness to the payment by the plaintiff of a balance due on that note. In view of some controversy as to the relative financial ability of the husband and wife to make payment, their assessments for purposes of taxation are put into the record and disclose pronounced superiority of the husband in this respect. There is some contradiction between his testimony and that of some of the defendants, respecting alleged admissions on his part, as well as his ability to pay for the land and the impecuniousness of the wife at the time it was bought. A letter from him to one of the defendants, in which he proposed to purchase their interests, is also put in evidence, but he insists his proposition was an offer to compromise and get rid of their claims, and the letter bears some evidence of that on its face. In one place he says, "If I can buy you out, and if I can't it will be something else." The letter is by no means a disclaimer of title. Witnesses for the defendants say the plaintiff had nothing at the time of his marriage and that the wife had, in addition to her household goods, some horses, cattle and sheep, but others say she had no stock or other property of any substantial value. One of the defendants, a sister of the deceased wife, testifies that she told her she would not convey the land to her husband, but her evidence cannot be considered, since she is a party to the suit, interested in the event thereof, and the subject matter is a personal communication with a deceased person under whom she claims.

As the declarations of the deceased wife, put in evidence, are plain, clear and unequivocal, certain as to the beneficiary of the trust, the consideration upon which it is founded and the subject matter, and consistent with the surroundings and circumstances disclosed, and the evidence preponderates in favor of the plaintiff, we are unable to see that the trial court erred in its finding upon the issue of fact.

The remaining and important inquiry, therefore, is whether the statute of frauds excludes the claim, thus set up, and this question seems to be foreclosed by our decisions, *Johnson* v. *Ludwick,* 58 W. Va. 464; *Currence* v. *Ward,* 43 W. Va. 367, 370, 371; and *Troll* v. *Carter,* 15 W. Va. 567. Taking these cases in their inverse order, they hold as follows: "But if a party obtains a deed without any consideration upon a parol agreement that he will hold the land in trust for third parties, such a trust so proven will be enforced in a court of equity, as to permit a party to hold the land so obtained for his own use would be to permit the grantee to commit a fraud." *Troll* v. *Carter.* "Where one buys land under executory agreement, and afterwards, before legal title passed, verbally agrees that if another will pay the purchase money he shall have the land, and that other does so, the trust is enforcible in equity." *Currence* v. *Ward.* "But where land is purchased and paid for by the husband, and the conveyance taken in the name of the wife, pursuant to an understanding and agreement between them at the time of the purchase and conveyance, that the land is to be held by the wife for the benefit of the husband, this creates an express trust which will be enforced in favor of the husband." *Johnson* v. *Ludwick.* The doctrine of these cases seems to be sustained by the text and cases cited in 28 A. & E. Ency. Law 872.

A purchase by the husband in the name of the wife would be regarded, on the face of the transaction, as a gift to the wife, but this is only a rebuttable presumption which can be overthrown by evidence to the contrary. *Johnson* v. *Ludwick,* cited. Here, the evidence is amply sufficient, in our opinion, to accomplish this result.

For the reasons stated, the decree will be affirmed.

*Affirmed.*