## Staunton.

BUMGARDNER AND OTHERS v. HARRIS AND OTHERS.

OCTOBER 8, 1895.

Absent, Harrison, J.

1. CONVEYANCE IN CONSIDERATION OF MARRIAGE—*Valuable Consideration—Gift Over After Death of Wife Void as to Existing Creditors.*—In 1867 marriage constituted a valuable consideration for a settlement by a man on his intended wife, and after the marriage the settlement was valid against existing creditors; but where the settlement was upon the wife for her life, with remainder over to the sister of the grantor and her children, the remainder is without valuable consideration and void as to creditors whose debts existed at the time of the settlement.

2. VOLUNTARY CONVEYANCE—*Statute of Limitations—Actual Fraud—Laches.*—If a settlement is attacked solely on the ground that it is voluntary, the suit must be brought within the five years prescribed by the statute, but there is no limitation upon the right of a creditor to attack a deed for fraud in fact, though the right to do so may be lost by the *laches* of the creditor, especially when accompanied by the loss of evidence, the death of the parties, or other causes which render the transactions obscure, or difficult of solution.

3. CONVEYANCE—*Voluntary—Fraudulent—Statute of Limitations.*—Where a deed is assailed by one set of creditors on the ground that it is voluntary and therefore fraudulent as to existing creditors, and by another set on the ground of fraud in fact, and the statute of limitations is relied on as a defence, and it is ascertained that the deed is both voluntary and fraudulent in fact, but more than five years have elapsed before the institution of the suit, the deed will be set aside as to those creditors who allege and prove fraud in fact, but not as to those who simply allege that it was voluntary.

Appeal from a decree of the Circuit Court of Augusta county, pronounced December 13, 1892.

*Reversed in part and affirmed in part.*

The opinion states the case.

*James Bumgardner, Jr., A. C. Snyder,* and *R. S. Turk,* for the appellants.

*M. F. White* and *E. G. Moncure,* for the appellees.

KEITH, P., delivered the opinion of the court.

This case is the sequel of *McCue's Trustee* v. *Harris and Others,* reported in 86 Va., at page 687. It will be necessary to state the facts in which this controversy had its origin.

On the 25th day of May, 1867, J. Marshall McCue, being about to solemnize a marriage with Martha J. McCue, conveyed all of his estate of every kind and description to his intended wife by a deed of that date, duly recorded upon the same day, subject to the limitations and conditions therein contained.

The provisions of the deed with which we are now concerned are those which give to Martha J. McCue certain property, which was at her death to go to the children of the marriage, and, if she should die without issue of her then intended marriage, it was to go to Mrs. Eliza A. Harris, a sister of the grantor, and her children. In the event that Marshall McCue survived his intended wife, there was to be a life estate in him, with remainder to the children of the marriage, or, in the event that there were no surviving children of the marriage, then to the children of Eliza A. Harris, as provided for in the event of the survivorship of Martha J. McCue.

On the 14th day of March, 1871, McCue and wife conveyed to Hugh Sheffey and Nicholas K. Trout two undivided third shares of all the real estate conveyed to the said Martha J. McCue in the deed of marriage settlement, upon trust to sell and apply the proceeds in satisfaction of debts, as therein prescribed.

Two chancery suits were instituted—one by McCue's creditors, as plaintiffs, against McCue and others, as defendants; and the other by McCue's trustee, under the last-mentioned deed, as plaintiff, against McCue and others, as defendants. In these suits many things were done, the propriety of which is not now questioned, and which therefore need not be considered; but, on December 5, 1878, a decree was rendered, out of which the controversy before us has arisen. From that decree it appears that sales had been made which produced the sum of $33,000, as of November 1, 1878. It also appears that the liens upon that fund as of that date, paramount to the marriage contract, amounted to $17,654.19; that the claim of Mrs. Harris, provided for in the contract, amounted to $8,091.21; that the debts of Mrs. McCue, chargeable thereupon, amounted to $5,404.34, leaving an apparent surplus for Mrs. McCue, subject to variation in a future re-statement of the account, of $1,763.87.

Mrs. McCue died some time in the year 1879, leaving no issue of her marriage. It appears that J. W. Harris and Margaret A. Harris were never made parties to either of these suits until the November term, 1880, of the Circuit Court of Augusta county, when they were admitted as parties defendant. On the 14th day of December, 1883, they filed their petition, asking that the decree of December, 1878, might, for reasons set out at large in their petition, be reheard, reviewed, and reversed, and claiming particularly that the sum of $1,763.87, above referred to, was not properly chargeable with or applicable to the payment of the debts of Martha J. McCue, but that she had therein only an interest for her life, and, at her death without issue, it would pass to the petitioners by virtue of the provisions of the marriage contract of May, 1867, subject only to a life estate in J. Marshall McCue.

F. J. Snyder, Sheffey & Bumgardner, and R. G. Bickle

answered this petition on the 24th of May, 1884, denying that there was any error in the decree sought to be reviewed, or any right at law or in equity in the petitioners.

On the 13th day of June, 1888, the Circuit Court rendered a decree upon the petition of John W. and Margaret A. Harris, in which it held that, while the remainder over to them, as provided for in the third clause of the marriage contract before referred to, was voluntary as to creditors of Marshall McCue, more than five years having elapsed since the recordation of the contract without any proceedings being taken to impeach the same, it could not then be done on the pleadings in the cause, and declared the decree of December 5, 1878, to be erroneous in so far as it gave to the creditors of Martha J. McCue the sum of $5,404.34. It directed that the income upon that sum, together with that arising from the $1,763.87, should be paid to the creditors of J. Marshall McCue during his lifetime, and the entire *corpus* thereof to pass to John W. Harris and Margaret A. Harris at his death. From that decree an appeal was taken to this court, which on the 28th of April, 1890, entered a decree affirming the decree of June 13, 1888, so far only as that decree relates to the item of $1,763.87, mentioned in the petition for rehearing of the decree of December 5, 1878, filed by J. W. and Margaret A. Harris, leaving all other questions arising out of the said decrees open for such future adjudication of the Circuit Court as to that court may seem proper.

When that decree was received in the Circuit Court, it entered the decree of May 19, 1890, referring the cause to a commissioner to take certain accounts directed by the decrees of December, 1878, and June, 1888. The commissioner made a report, dated April 16, 1892, in which he ascertained the several debts due to those claiming this fund adversely to the Harrises, and, after discussing the questions of law and fact at large upon which the rights of the

claimants and of the creditors appeared, in his judgment, to rest, he reported against the claims of the creditors and wholly in favor of the petitioners.

Subsequently, counsel representing Margaret A. Harris and the administrator of her brother, then deceased, filed an amended and supplemental petition for the rehearing of the interlocutory decree of December 5, 1878, claiming in terms that that decree, as to them, should be wholly reviewed and reversed, and asking specifically that the sum of $5,404.34 be decreed to them in addition to the $1,763.87.

A. C. Snyder, assignee of F. J. Snyder, and J. W. Crawford, also filed a petition attacking the settlement of May 26, 1867, in so far as it undertook to vest any part of the estate thereby conveyed in the children of Eliza A. Harris, as being fraudulent in fact and void, having been made with intent to hinder, delay, and defraud the creditors of the grantor.

The commissioner having filed his report called for by the decree of May 19, 1890, the cause came on again to be heard before the Circuit Court upon the report and the petition of the Harrises, and the demurrer and answer of the creditors thereto, and upon the petition of the creditors and the demurrer and answer of Margaret A. Harris and the administrator of John W. Harris thereto; and, being considered by the court, the petition of Margaret A. Harris and the administrator of John W. Harris was dismissed as unnecessary, and the petition of Crawford and Snyder was dismissed " as improper after such a long lapse of time and death of parties."

The court then proceeded to dispose of the matters in controversy by giving to Margaret A. Harris and the administrator of John W. Harris all the relief asked for in their petition.

So far as the deed of May 25, 1867, undertakes to make a settlement upon Martha J. McCue and the children of the marriage, which she was then about to solemnize with the

grantor, J. Marshall McCue, it rests upon a consideration deemed valuable in law, and its validity cannot be successfully assailed, and is in no way questioned in this record. In so far, however, as the marriage settlement undertook to convey the property of the grantor to his sister, Eliza A. Harris, and her children, it was without valuable consideration and void. Not having been attacked, however, as voluntary within the five years prescribed by the statute, it cannot now be attacked for that clause only. There is, however, no limitation by statute upon the right of a creditor to institute a suit to attack a deed as fraudulent in fact. Of course, the right to institute such a suit can be lost in equity by remissness and delay in its assertion. It is true that delay in the assertion of a right is always discountenanced in a court of chancery, that it does not encourage stale claims, and that a party may lose his right to complain of a fraud by delay, especially where the delay is accompanied by the loss of evidence or the death of parties, or such conditions exist as to render the court unable to pass upon the questions involved without serious risk of doing injustice.

In this case, as we have seen, the settlements upon Mrs. McCue and her children rested upon a valuable consideration, which could not be successfully impeached. She died in 1879 without issue, and then the creditors, who are now seeking the fund under the control of the court, were in a position to assert their demands; but at that time the decree of December, 1878, was in full force and vigor, and under it they were given all that they had a right to demand. Their rights under that decree were not disturbed until it was set aside in 1888, upon a petition filed in 1883. The creditors, therefore, had no motive until June, 1888, to attack the deed of 1867, as being fraudulent, because the court by the decree of 1878 had given to them everything which they could with propriety claim had that deed been successfully assailed upon

the ground now set out in their petition.    It is true that many years have elapsed, but we cannot see from this record that the lapse of time, or the death of parties, has rendered these transactions obscure, or the questions at issue at all doubtful or difficult to determine.

We think it sufficiently appears from the record in this cause that the marriage settlement, in respect to the property conveyed to Mrs. Harris and her children, was made to hinder, delay, and defraud creditors; was, as to them, fraudulent in fact, and therefore void; that, under the circumstances disclosed, the creditors are not barred from asserting their rights to the property so conveyed; and that the petition of the appellants, A. C. Snyder and James W. Crawford, should have been entertained, and the relief therein prayed should have been granted.

With respect to the other appellants who did not unite in that petition, the decree complained of must be affirmed. They have not assailed the deed as fraudulent, and cannot therefore recover upon the pleadings made by them; for as to them this record stands just as it did when the case was in this court upon the former appeal, when this court held, Judge Lewis delivering the opinion, that, there being no charge of actual fraud, there was no case made upon which the creditors could recover as against the children of E. A. Harris claiming under the deed of marriage settlement.    As we have seen, the decree entered in this court at that time, in the first instance, was a general affirmance of the decree appealed from. Obviously at the instance of the same creditors who are the appellants before us now, that decree was so modified as to leave the controversy as to the fund which we have had under investigation open, to be disposed of as to the Circuit Court might seem best, the object undoubtedly being to give to the appellants the opportunity of taking the necessary steps to assail the settlement of May, 1867, as fraudulent in fact.    Of

Opinion.             .

the opportunity thus afforded, only two of the creditors have availed themselves ; and the others, having failed to do so, must submit to the consequences of their omission. The decree appealed from was a final adjudication of all the questions at issue, and it correctly disposed of them all except in the particular in which to us it has seemed to be erroneous.

We are therefore of opinion that for this cause only it should be reversed, and that in all other respects it should be affirmed ; and this court, proceeding to enter such decree as the Circuit Court ought to have entered, it is decreed that J. W. Crawford recover the sum of $574.32, with interest thereon from October 1, 1866, subject to a credit for whatever sums of money may have been paid thereon ; that the appellant, A. C. Snyder, recover $1,402.68, with interest from March 7, 1869, subject to credits for any sums paid since that time, which said several sums are to be paid out of the fund under the control of the Circuit Court in this cause, and their costs ; and that W. D. Reynolds, administrator of John W. Harris, and Margaret A. Harris, recover of the appellants, other than than A. C. Snyder and J. W. Crawford, their costs in this behalf expended.

*Reversed in part and affirmed in part.*