# CHARLESTON.

## McLaughlin v. Sayers.

Submitted September 12, 1912.  Decided April 29, 1913.

EQUITY—*Default—Hearing—Continuance.*

A defendant in default by a bill taken for confessed against him at rules, though at the first term he unsuccessfully demurs and then files his answer, can not as of right demand a continuance to enable him to take proof. The plaintiff is entitled to have the cause heard at that term unless the defendant shows good cause for continuance by affidavit filed. (pp. 365-370).

Appeal from Circuit Court, Pocahontas County.

72 W. Va.

Bill in equity by A. M. McLaughlin against D. W. Sayers to enforce a vendor's lien. From a decree for plaintiff, defendant appeals.

*Affirmed.*

*W. A. Bratton,* for appellant.

*Henry Gilmer,* for appellee.

Robinson, Judge:

By the bill in this cause plaintiff sought the enforcement of a vendor's lien which he had retained on land conveyed by him to defendant. From a decree for the unpaid purchase money, ordering a sale of the land to satisfy the same, defendant has appealed.

Though duly summoned, defendant allowed the bill to be taken for confessed at rules. At the first term thereafter he appeared and entered a demurrer to the bill, which was promptly, but most properly overruled. The bill was assuredly sufficient. Plainly the demurrer was a dilatory one. Upon the overruling of the demurrer, defendant tendered an answer, to which plaintiff filed exceptions. The exceptions were sustained. That this answer afforded no defense is clear. The bill was fully supported by documentary evidence. Plaintiff insisted on a hearing. A decree of sale for the enforcement of plaintiff's lien was directed. Before such a decree was entered, defendant tendered an amended answer which presented a sufficient defense to the bill. Plaintiff replied generally. The amended answer set up that which, if supported by proof, would have entitled defendant to an abatement of the purchase money or a rescission of the conveyance. That the general replication was in place is sustained by *Depue v. Sergent,* 21 W. Va. 326 (syl. 2). It put defendant to proof. With the tendering of the amended answer, defendant moved a continuance of the cause, but filed no affidavit in support of his motion. A continuance was refused and the decree complained of was entered.

Was it error to deny defendant a continuance of the cause? Indeed the statute answers the question: "At any time before final decree, a defendant may file his answer, but a cause shall not be sent to the rules or continued, because an answer is filed in it,

unless good cause be shown by affidavit, filed with the papers therefor." Code 1906, ch. 125, sec. 53. Since the motion for continuance was not supported by an affidavit as required by this statute, it was proper to overrule the same. True, upon the overruling of the demurrer, defendant was entitled to answer the bill. He was permitted to do so. The question we have is not as to the right to answer; it is as to the right to a continuance. The statute plainly gives a defendant the right to answer; but it quite as plainly denies him a continuance on the strength of the answer alone.

True also, defendant tendered his. answer at the first term after the cause was matured and set for hearing; but when he tendered it he was in default. The bill had been taken for confessed as to him. That fact convicted him of dilatoriness. He might have appeared at rules and aided the progress of the cause, or might have taken such steps at rules as would have prevented the default of a bill taken for confessed. It was to provide against delay by reason of any dilatoriness on the part of a defendant that the statute we have quoted was enacted. That statute virtually says that a defendant by affidavit filed in the papers must purge himself of all apparent neglect before he can continue the cause on the filing of an answer in term. And that statute applies as well to the first term of court as to any other. It does not except the first term. If, as in this case, the bill is one that does not require the taking of depositions to prove it, a defendant when summoned to answer it must take notice that a decree may be insisted upon at the first term, and must use all .reasonable diligence in the making of his defense. Otherwise he may not be able to acquit himself and show good cause for a continuance if he needs more time when the first term comes on. Of course in the majority of instances, an answer filed in term puts the plaintiff to proof and brings on a continuance to which plaintiff is then himself entitled. Thus chancery causes usually go over the first term for the taking of proof. And it is this that has caused an impression with some that in all cases a defendant summoned to rules may wait until the term to put in his defense and rather as of right carry the case over. But if the plaintiff is in position to ask a decree at the first term, let the defendant beware. If the defendant is in default, he can not get further time without the affidavit required by the statute.

Mr. Hogg says: "When the plaintiff has regularly filed his bill at rules and matured the cause for a hearing, and the defendant afterwards files his answer in term time, and the plaintiff desires time to reply to the answer and take proof and prepare his case for hearing, he is entitled to a continuance of the cause as a matter of right, upon a motion made for that purpose." Then on the other hand he says: "While a defendant may file his answer at any time before final decree, as we have seen, he cannot, upon the filing of his answer, have the case continued, except for good cause, to be shown by affidavit filed in the papers for that purpose. A defendant who has time and opportunity to take his evidence after the filing of the bill, before the case is called for hearing in court, or before the coming on of the term of the court at which the case is heard, cannot file his answer at the hearing or at the term at which the cause may be heard, and then continue or delay the case to procure evidence in support of his answer." Equity Procedure, secs. 460, 461.

In *Gardner* v. *Landcraft,* 6 W. Va. 36, it is held: "When a bill has been regularly taken for confessed at rules, and the cause set for hearing, and docketed, and the defendant appears in court and by leave of court files his answer to which plaintiff files a general replication, the plaintiff is entitled to have the cause heard at the same term, unless the defendant shows good cause for a continuance." In that case Judge Haymond says: "At the commencement of the court at which the decree was rendered the plaintiffs were entitled to have the cause heard, upon the bill taken for confessed at rules. At this term of the court the defendants appeared before the decree was rendered and obtained leave to file their answers, and did then file them, to which the plaintiffs filed general replications. Up to the filing of the answers the defendants were in default, and it was the right of the plaintiffs to have the cause then heard, upon the bill, exhibits, answers, and replication thereto, unless the defendants by proper affidavits showed good cause to the court for a continuance."

In *Reynolds* v. *Bank,* 6 Grat. 183, the court, in relation to proceedings at the first term, says: "In this case the defendant being in default, the law attached to his pleading, demurring, or answering, the condition that his doing so should not delay the cause; and this condition was expressed in the order of the court receiving his demurrer. If the defendant had answered instead

of demurring, the plaintiff would have been entitled to a trial without delay, and equally so though a demurrer was filed instead of an answer. The overruling of the demurrer placed him in no better condition than he was before: he had still a right to answer, but subject to the same condition. If the mere filing of a demurrer is to entitle a defendant, in default, to the allowance of two months to answer, it will enable him in every case, without any reason whatever, to obtain a continuance beyond the term; which is directly in the teeth of the plain words of the statute, and against its true spirit and meaning."

In *Bronson* v. *Vaughan,* 44 W. Va. 410, the very question that we have under consideration arose and was passed upon. There, just as in this case, at the first term a demurrer to the bill was overruled, the defendants answered, the plaintiff replied generally, and the court denied the defendants a continuance. This Court, through Judge English, said: "Was the motion for continuance properly overruled by the court? In order to reach a proper conclusion upon this question, we must consider that this bill was filed at rules on the 9th of October, 1895, and the answer was not tendered until January 11, 1896, in term time; and after the answer was filed, and the plaintiff replied generally thereto, the defendants asked a continuance of the cause, to give them an opportunity to prove the allegations of their answer, which motion was overruled. The defendants offered no affidavit in support of their motion, or in any manner showed to the court that they had any proof to take or any good cause why such continuance should be granted, when section 53 of chapter 125 of the Code expressly provides that 'at any time before final decree a defendant may file his answer, but a cause shall not be sent to rules or continued, because an answer is filed in it unless good cause be shown by affidavit filed with the papers therefor.' Under this section then, and in the circumstance of the case, I think the motion for continuance was property overruled."

In *Ash* v. *Lynch,* decided this term, recognition is given to the necessity of an affidavit showing good cause to warrant a continuance on the coming in of an answer, though, as in that case, it is tendered at the first term. Therein Judge Poffenbarger says: "With this answer in, no decree should have been entered, because the bill was not sustained by any proof. If its allegations had been supported by proof, the denial of the answer, had

it been filed, would not have prevented a decree, in the absence of good cause shown for a continuance. Upon the bill, answer and general replication, without any evidence, there could not have been a decree for the defendants. The plaintiff could have prevented this by taking a continuance, but the defendants could not have had a continuance, without disclosing good cause therefor, if the plaintiffs had been ready to submit the cause." And in *Moore* v. *Moore,* also decided at this term, we gave further recognition to the necessity of an affidavit as the basis of a continuance on the tendering of an answer at the first term, by holding that the affidavit offered at such term in that case showed good cause and warranted a continuance as was asked.

Defendant says that his answer, which is sworn to, is an affidavit which entitled him to a continuance of the cause. But we find no facts stated therein which show good cause why the hearing should have been delayed to enable defendant to take proof.

It may be that, in the short period of a little more than a month between the filing of the bill and the coming on of the term, defendant if he had been ever so diligent could not have made out his case for that term or speeded the cause by earlier appearance on his part. If such was the fact, defendant, by the terms of the statute, was required to show the same to the court below by affidavit, in order to justify that court in even entertaining his motion for a continuance. The statute does not say that the court shall judge from anything but an affidavit as to whether a continuance shall be granted a defendant when he files an answer in a cause ready for hearing. The court is not left to exercise its judgment on verbal statements, general appearances, or the ordinary papers of the suit. It can only adjudge whether there shall be a continuance by reference to an affidavit. Where no affidavit is filed, it must proceed to hear the cause if the plaintiff so insists.

The enforcement of this plain statute which requires the filing of an affidavit showing good cause before any chancery suit ready for hearing on the part of the plaintiff can be carried over any term merely by the defendant filing an answer therein, will not be amiss in this day of complaint against the sluggishness of judicial procedure. Without its enforcement many a just cause may be delayed over a long period between two terms by a de-

fendant simply filing an answer which he never expects to prove, and which is put in only to prevent a decree for a time and thereby give him longer possession or use of the subject of the litigation.

The decree will be affirmed.

*Affirmed.*