# CHARLESTON.

McDonald et al. v. McDonald Planing Mill Co.

Submitted June 10, 1912. Decided October 28, 1913.

1. Fraudulent Conveyances—*Action to Set Aside—Pleading.*

    A fraudulent conveyance will not be set aside unless attacked by proper pleading, supported by proof. The court will not set it aside on proof alone. (pp. 79, 80).

2. Corporations—*Insolvency—Confession of Bill—Effect.*

    Creditors of an insolvent corporation, who suffer a bill to be taken for confessed, filed against them and the corporation by its stockholders to wind up its affairs, averring that a deed of trust upon its property creates a lien thereon in favor of a certain creditor, thereby admit the validity of such lien. (pp. 79, 80).

3. Same—*Insolvency—Pleading.*

    Unsecured creditors who have not attacked such lien for fraud, by proper pleading putting it in issue, can not do so before a commissioner to whom the case has been referred to ascertain and report the debts and their priorities. (p. 80).

4. Equity—*Answer—Rejection.*

    An answer, tendered after a final decree has been rendered upon bill taken for confessed, is properly rejected when not accompanied by affidavit showing good cause for delay. (p. 81).

Appeal from Circuit Court, Ohio County.

Action by J. F. McDonald and others against the McDonald Planing Mill Company and others. From the judgment the Federal Lumber Company and others appeal.

*Affirmed.*

C. E. Morris and W. B. Casey, for appellants.

Edward F. Horstmann and Noyes & Ritz, for appellees.

Williams, Judge:

J. F. McDonald, Charles Booth, Edward Feinler, John B. Rose and J. L. McDonald, being the owners of all the capital stock of the McDonald Planing Mill Company, brought this suit to wind up its affairs, alleging its insolvency. The corporation and its creditors were made parties defendant. On the 9th of December, 1909, the court appointed a receiver to take charge of its property and collect outstanding claims due it; and on the 13th of April, 1910, it referred the cause to a master commissioner, to ascertain and report its debts and their priorities and the amount of money in the hands of the receiver. The commissioner listed debts, aggregating $17,545.47, and reported that there were no priorities among them, and found that there was in the receiver's hands the sum of $9,682.52. The Germania Half Dollar Savings Bank, one of the defendants, excepted to the report because the commissioner had reported its debt of $2,332.37, as a debt of the general class, and not as a lien upon the company's property, as it claimed it was. The court heard the cause upon the report and exceptions thereto, on the 11th February, 1911, and sustained the bank's exceptions, and decreed its debt as a lien of the second class, a debt of $225.00 in favor of the Wheeling Terminal Railroad Company, as to which there is no controversy, having been ascertained by the court to be the first lien. From that decree a number of the creditors, whose debts were placed in the general class, have appealed, assigning as error the sustaining of said exceptions. The bank's debt was secured by a deed of trust executed in 1903, upon the McDonald Planing Mill Company's property, consisting of machinery and lumber then on its yards, which, in the nature of the company's business, was constantly changing. The lumber constituted its largest asset. Following the case of *Gilbert* v. *Peppers*, 65 W. Va. 355, holding that a deed of trust upon a stock of merchandise kept for sale, which allowed the grantor to retain possession and continue to sell and replenish the stock, was fraudulent as to creditors, the commissioner held that the deed of trust to secure the debt due the aforesaid bank was fraudulent and void, and reported the bank's debt in the general class. But no question of fraud was raised

73 W. Va.

by the pleading. It was therefore not presented to the court for decision. The case was not referred to the commissioner to enable defendants to establish a fraud; nor indeed, could it have been properly referred for that purpose. The question of fraud not having been presented by pleadings and passed on by the lower court, we have no right to review it on this appeal. Therefore we do not say whether the deed of trust is in fact fraudulent. All we do say is that it is valid between the parties, and good also as to creditors, until it is attacked, and that no creditor has yet assailed it. The bill admits the debt and avers that it is secured by a deed of trust on the company's property and that it is the first lien thereon. All of the appellants, thirteen in number, were made parties defendant to the bill, *eo nomine,* except one, the Flint Irving & Stoner Company, and were served with process, and failed to appear. The bill, as to them, was properly taken for confessed. In effect they have admitted the truth of the averment in the bill. An answer expressly admitting it could have no greater effect against them. A deed of trust, though fraudulent in fact, will not be set aside for the benefit of creditors who do not attack it. In *Bumgarner* v. *Harris,* 92 Va. 188, a case wherein some of the creditors of the grantor attacked a conveyance made by him, on the ground that it was voluntary and, therefore, fraudulent as to existing creditors; and others, on the ground that it was fraudulent in fact, the statute of limitations having been pleaded, the court found that the deed was fraudulent in fact; but more than five years having elapsed before the bringing of the suit, which was a bar to the right of attack on the ground of voluntariness, it set it aside as to those creditors who had alleged and proved fraud in fact, but refused to set it aside as to those who had alleged that it was only voluntary. That court there applied a well recognized rule of practice, which is, that a court will grant relief only when both pleadings and proof justify it; it will not do so on proof alone. Appellants here sought to raise before the commissioner a question not presented by the pleadings, a question of cross-relief between co-defendants. Plaintiffs were not interested in it. The bill simply asked that the business of the insolvent corporation, of which

they were stockholders, be wound up and its assets applied to the payment of its debts. Whether some of its creditors should be paid in full and others only in part; or whether the assets should be applied to the debts of all, *pro rata,* is immaterial to them. It is purely a question relating to the granting of cross-relief between co-defendants, which was held in *Dudley* v. *Buckley,* 68 W. Va. 630, could not be done without proper pleadings. The only pleading, in this case, is the bill which, for failure to answer, is admittedly true.

Some of the appellants complain because the court refused them right to file answers; and another, who was not a party to the bill, because he was denied the right to file his petition in the suit and be made a party. But the offer to file these pleadings was not made until five days after the decree appealed from was rendered. Defendants were in default, and seem to have offered no excuse therefor. They tendered no affidavits excusing their delay, as the statute requires in such case. Ch. 125, Sec. 53, Code; *McLaughlin* v. *Sayers,* 72 W. Va. 364, 78 S. E. 355. Moreover, the rejected answers are not in the record, and we do not know what they contained. The court may have rejected them because of improper, or insufficient matter. We must assume that they were properly rejected, for error will not be presumed. For the same reason we can not see that the court erred in rejecting the petition of Flint Irving & Stoner Company. The decree will be affirmed.

*Affirmed.*