MARY BOWMAN *v.* JOSIAH STUTLER.

(No. 7240)

Submitted March 8, 1932.   Decided March 15, 1932.

*Thos. P. Ryan,* and *Poffenbarger & Poffenbarger,* for appellant.

*Harper & Baker,* for appellee.

HATCHER, PRESIDENT:

This appeal involves the sufficiency of a general replication to an answer setting up affirmative matter.

The suit was brought to enforce a vendor's lien for unpaid purchase money on a lot sold defendant by plaintiff and on a building removed from the lot by defendant.

The answer admits all the material allegations of the bill but alleges a failure of title to a portion of the lot and prays that the defendant have an abatement of the purchase price sufficient to prevent any loss on his part, and for general relief.

The plaintiff replied generally (in writing) to the answer. The cause was submitted on these pleadings for final determination.   The circuit court held the plaintiff was entitled to relief, and so decreed.   The defendant appeals.

In a written opinion filed by the circuit court, it appears that the defendant took the position that his answer ''constitutes a claim for affirmative relief and that plaintiff must

reply specially thereto should, she desire to avoid the consequences of this claim.'' As the learned chancellor points out, this position is specifically disapproved in causes like the instant one, by *Depue* v. *Sergeant*, 21 W. Va. 326. That decision holds that an answer asking an abatement of purchase price because of deficiency in quantity of land purchased, presents *no new matter, but simply a defense to the plaintiff's demand,* and that only a general replication is permissible. That holding was approved in *McLaughlin* v. *Sayers,* 72 W. Va. 364, 365, 78 S. E. 355. See also Hogg's Eq. Pro. (Carlin's Ed.) sec. 477.

The defendant has abandoned his position in the circuit court, and in violation of the rule against taking an inconsistent attitude on appeal (See 10 R. C. L., p. 701, sec. 28) now complains that the merits of the case were not developed due ''to oversight and confusion arising out of rules of procedure,'' that defendant ''was not called upon to anticipate an adverse decision on the question of pleading. Reasonably and legally, he could await that decision before taking his next step * * * the submission did not prevent the court from allowing time for development of the merits of the case, nor justify its deciding the case finally without such developments,'' and that the terms of the sale decreed are not sufficiently specific. As the ruling in *Dupue* v. *Sergeant, supra,* has never been questioned in our decisions, we canont concede any confusion as to the proper procedure. The record discloses no suggestion that defendant desired to take proof even after his attention was directed to *Depue* v. *Sergeant,* in the written opinion of the trial chancellor; so we cannot credit the suggestion of oversight. The other reasons advanced are equally specious.

The submission of a cause upon the bill, answer and replication to the answer is a submission on the merits, and a hearing thereon is final. Hogg, *supra,* sec. 587. The defendant shows no error in the decree, no sufficient reason for reversal, and it is accordingly affirmed.

*Affirmed.*