# CHARLESTON.

### P.RICE v. PRICE.

Submitted March 1, 1910.   Decided December 13, 1910.

1. TRUSTS—*Existence—Sufficiency of Evidence.*

   On a bill in equity by a husband against the wife, to compel her to convey to him the legal title to property, used as a homestead and purchased with money derived from other property, paid for with money, furnished in part by him and in part by his father, and conveyed to her; on the theory of a resulting or express parol trust, in favor of the husband, proof of declarations of intent or agreement, at the date of the original purchase, that the wife should take the legal title to the property for the benefit of the husband and the children or the family, is insufficient to establish an exclusive trust in favor of the husband, and, therefore, will not sustain a decree in his favor.

2. SAME—*Action to Establish—Relief to Defendant—Sufficiency of Pleading.*

   A prayer, in the answer to such a bill, for an adjudication of title in the wife and a writ of possession, founded upon occupation of the premises by the husband and his cruel treatment of the wife, relied upon in the answer as justification for her absenting herself from the home, is properly denied.

3. APPEAL AND ERROR—*Disposition of Cause—Dismissal—Saving Appropriate Remedies to Defendant.*

   The appellate court, on reversing a decree for the plaintiff on such a bill and dismissing the bill, will insert in the order a clause, saving to the defendant all appropriate remedies, legal or equitable, for the vindication of her personal and property rights.

4. EQUITY—*Pleading—Answer—Matter Foreign to Bill.*

   Matter foreign to the bill cannot be introduced by an answer, praying affirmative relief.

Appeal from Circuit Court, Barbour County.

Action by J. N. Price against Rachel V. Price. From the decree, defendant appeals.

*Reversed and Bill Dismissed.*

*J. Hop. Wood,* for appellant.

*Wilcox & Musgrave,* for appellee.

68 W. Va.

POFFENBARGER, JUDGE:

In a suit in equity by J. N. Price, against Rachel V. Price, his wife, to compel her to convey to him the legal title to a small piece of property, the circuit court of Barbour county pronounced a decree, requiring the conveyance to him of an undivided one-half of the property, from which she has appealed.

The theory of plaintiff's bill is a parol trust, arising partly out of his payment of purchase money and partly out of the payment of purchase money by his father for his benefit. The tract of land in controversy is not the one in which this alleged trust was originally created. That piece of land long since passed out of the hands of the parties, as has also some other land into which it was converted by exchange. The land involved here, however, was purchased with money derived from the sale of some of said other lands. The history of the transaction is as follows: In 1876, G. N. Wilmoth and others conveyed to the defendant a small tract of land, in consideration of $107.00, of which $57.00 was paid by the plaintiff, her husband, and the remaining $50.00 by her father-in-law. This piece of land was afterwards sold and conveyed to William P. Price, he paying some cash on account of it and executing to the defendant his two notes of $50.00 each for the balance. In 1884, William P. Price conveyed to the defendant another tract of land, in consideration of $100.00 in cash and the surrender of said two notes. In 1900, this piece of land was sold to William T. Ice, Jr., for the Free-port Smokeless Coal Company, in consideration of $265.00, which was paid in cash and deposited in a bank to the credit of the defendant. On the 17th day of December, 1900, the land in controversy was bought for the sum of $225.00, and paid for out of the money realized from the sale to the coal company.

The conveyance to the wife was presumptively a gift from her husband and father-in-law; but the presumption was rebuttable and subject to overthrow by evidence of a different intention. The testimony of the plaintiff and other witnesses, found in the record, tends to prove that it was not intended as a gift, and we need not cite authority for the well settled proposition that the statute of frauds does not inhibit the establishment of such a trust, as the plaintiff has endeavored to set up. We are of the opinion, however, that if he has established any trust at all, it is not one in his favor alone. In other words, it is not a

trust for his sole benefit. He says himself the understanding was that the wife should hold the title to the land for the benefit of himself and the children. William P. Price, his brother, testifying as a witness for him, says his father caused the deed to be made to the wife because the husband was a little reckless at that time. He then says "Father did that for the protection of J. N. Price and family." Stingley Shaffer, a witness for the defendant, says plaintiff's father told him he had caused the deed to be made in that way to make a home for the defendant and the children. The defendant says her father-in-law traded a mare in on the purchase of the original tract of land at the price of $50.00, for the benefit of herself and her children, but not especially for her husband, and denies that it was for his sole benefit. As father and son united their means in this, they must have intended to accomplish the same purpose. Taken altogether, the evidence shows conclusively that, if there was any trust at all, it was what is known in equity as a family trust, one for the benefit of husband, wife and children, the wife holding the legal title for the benefit of all. Hill on Trustees, m. pp. 76-79, inclusive; *Tally* v. *Ferguson,* 64 W. Va. 328. The very nature of the transaction and all the circumstances emphasize this view of the import of the oral evidence.

Another plausible theory, the principles of construction may sustain, is that the statements, relied upon as constituting a trust, were mere expressions of motive, hope or exception, not intended at all to create or reserve any equitable right, title or interest in the land. In other words, the intention, on the part of both father and son, may have been an absolute conveyance to the wife, in the belief, and with the hope, that such an arrangement would afford a better guaranty of a homestead for the family, including the husband, than a conveyance to him would have provided, the danger of his recklessness and improvidence being obvious to all. *Wilmoth* v. *Wilmoth,* 34 W. Va. 426; *Milhollen* v. *Rice,* 13 W. Va. 519; *May* v. *Joynes,* 20 Grat. 692; *Riddick* v. *Cohoon,* 4 Rand. 547; *Wallace* v. *Dodd,* 3 Leigh 258; *Stinson* v. *Day;* 1 Rob. 435. That the husband and father-in-law paid for the land would not preclude adoption of this interpretation of the evidence. *Prima facie* the land was a gift to the wife. The burden rests upon others to give the transaction a different status, and the evidence stops short of an ex-

clusive trust in favor of the husband. He has not sole equitable title. It follows that there was at least a partial gift, a relinquishment of beneficial interest. To determine the rights of the parties, therefore, it would be necessary to ascertain to what extent it has been parted with, and this would call for application of the principles above referred to, as well as consideration of the elements, incidents and qualities of trusts for the benefit of families.

There is no occasion, however, to say whether the defendant took this conveyance in trust for the family. It suffices the purposes of this case, to say she did not take it in trust for her husband alone. If she took it in trust for the family, the trust is still active and unsatisfied and he cannot take from her the legal title and thus terminate it or oust the trustee. As we are thoroughly convinced that he has not exclusive title to the beneficial interest in the land, the decree, complained of, is erroneous.

It appears from both the bill and the answer, that the parties are living separate and apart from each other, the husband occupying the premises in controversy, and the defendant residing with some of her children. Having set up these facts, and averred justification, on the ground of cruelty, threats and personal danger, for absenting herself from the company of her husband, the defendant asked for an adjudication of title in herself and a writ of possession, which the court refused, and, of this she complains here. The pleadings and proofs in the case fail to show inability on her part to obtain admission to the property. She says nothing to the contrary other than that her occupancy of it with him would be disagreeable and dangerous to her. As possession is not denied her, she needs no writ to obtain occupancy and enjoyment thereof. Legal title is conceded to her by the bill and jurisdiction to remove cloud or quiet title is not invoked by disclosure of any facts upon which it can stand. Hence no cause for relief, as to property rights, appears. Defendant's real need seems to be protection from ill treatment at the hands of her husband, a matter not germane to the bill in this cause, relating solely to property rights, nor included in the prayer of the answer. In these conclusions we find two sufficient reasons for denial of relief on the answer. An answer cannot introduce foreign matter as ground for affirmative relief.

*Peters* v. *Case,* 62 W. Va. 33; *Goff* v. *Price,* 42 W. Va. 384; *Ratcliff* v. *Corrothers,* 33 W. Va. 682; *McMullen* v. *Egan,* 21 W. Va. 233. Nor can relief, not specifically asked, be granted thereon, in the absence of a prayer for general relief. *Goff* v. *Price,* cited. The distinction between property and personal rights and applicable remedies, here noted, seems to have been fully observed and well stated in *Manning* v. *Manning,* 79 N. C. 293, but the code practice, there in use, allowed procedure, different from ours.

These conclusions call for reversal of the decree and dismissal of the bill, but, to avoid possible preclusion of relief in a proper action, on the new matter averred in the answer, under the principle of *res judicata,* the order of dismissal will save to the defendant the benefit of all appropriate remedies, legal and equitable, that may be necessary to the vindication of her rights, respecting the property in controversy and all other matters in any way brought into this cause. Costs in this Court and costs in the court below will be decreed to the appellant.

*Reversed and Bill Dismissed.*