# CHARLESTON.

## WAGGY v. WAGGY *et als.*

Submitted October 26, 1915.  Decided November 9, 1915.

1. STATUTES—*Construction—Repugnant Sections.*

   An unnecessary implication arising from the terms of one section of a statute, inconsistent with express terms of another section relating to the same subject, yields to the expressed intention, and the two sections are not legally inconsistent or repugnant.  (p. 146).

2. PLEADING—*Answer—Time to Plead.*

   Section 30 of ch. 125 of the Code, ser. sec. 4784, saying the plaintiff shall be entitled to a decree if the defendant fails to appear and answer the bill on the ˌday specified in the order requiring him to answer, made after the overruling of his plea or demurrer, is to be read in connection with section 53 of said chapter, ser. sec. 4807, giving the defendant right to answer at any time before final decree, and does not preclude such right in a defendant who has disobeyed a rule to answer within a prescribed time.  (p. 146).

3. CONTINUANCE—*Right—Pleading—Evidence to Meet Issues.*

   But the right to file an answer, under such circumstances, does not carry with it a right of continuance to enable the defendant to take evidence to sustain the issue made by the answer and replication thereto.  (p. 146).

4. JUDGEMENT—*Pleading—Default—Failure to Answer in Time.*

   Reliance upon a local rule of practice relieving from duty to prepare chancery causes for submission at special terms constitutes no excuse for failure to answer within the period prescribed by a rule requiring the defendant to do so, and such default confers upon the plaintiff right to a decree at a special term, if his bill and evidence are sufficient.  (p. 146).

5. HUSBAND AND WIFE—*Gifts—Presumption—Rebuttal.*

   Oral evidence dependent upon the recollection of witnesses, if clear and positive, is sufficient to rebut the presumption of a gift from a husband to his wife, of land paid for by him and conveyed to her.  (p. 149).

6. VENDOR AND PURCHASER—*Rights of Purchaser—Owner of Equitable Title—Burden of Proof.*

   A purchaser of land the equitable title to which is owned by a person other than the grantee in a deed, in order to prevail against the equitable owner, must prove the purchase was in good faith, without notice of the equitable right and for a substantial, valuable consideration.  (p. 149).

7.  TRUSTS—*Breach—Husband and Wife—Right to Equitable Relief.*

 A wife's admission of a stranger to the use and benefit of land bought by her husband and conveyed to her by his direction, pursuant to her oral agreement to hold the same for the use and benefit of herself and the husband, under a deed made by her to such stranger, is a breach of the trust and diversion of the property to a purpose inconsistent therewith, giving the husband right of resort to a court of equity for judicial declaration and definition of his interest in the land and annullment of the deed made in violation of the trust. (p. 151).

Appeal from Circuit Court, Lewis County.

Suit by Isaac Waggy against Sarah A. Waggy and others. From a decree for defendants, plaintiff appeals.

   *Reversed, decree for plaintiff, and remanded.*

*Robt. L. Bland* and *Edward A. Brannon,* for appellant.

*Herbert M. Blair* and *Brannon & Stathers,* for appellees.

POFFENBARGER, PRESIDENT:

Although sustained by evidence adduced in support of its allegations, the plaintiff's bill claiming an estate by express oral or resulting trust in a tract of land containing about 90 acres, by virtue of his alleged payment of the purchase money and a conveyance thereof to his wife, one of the defendants, upon an oral understanding and agreement that she should hold it in trust for him and herself, was dismissed, after the filing of answers by the defendants, which are not supported by any evidence, the court having declined to continue the cause for the taking of testimony, on account of the delay in answering. For the failure to answer within the time limited by a rule taken by the plaintiff, he denied the right of the defendants to answer at all, endeavored to prevent them from doing so and now predicates an assignment of error upon the court's acceptance of the answers.

The bill was filed at February rules, 1913. On March 21, 1913, in term, the demurrer of Harvey Griggs, one of the defendants, grantee of the land from Sarah Waggy, the alleged trustee, was overruled, and, in the order disposing of it, he and such other defendants as had not answered, were required to do so on or before the first day of May, 1913. The

next regular term of the court would have commenced on the first Monday in July, 1913, but a special term was held in May, and, at that term, May 9, 1913, the plaintiff, in view of the failure of the principal defendants, Sarah A. Waggy and Harvey Griggs, to comply with the order of the court, moved for submission of the cause and the entry of a decree. This motion Griggs resisted, insisting upon his right to file his answer at any time before final decree. The court admitted the correctness of his position, but warned him that no continuance would be allowed for the filing of an answer. In this state of the cause, Sarah A. Waggy, upon whom the rule had not been served, interposed her demurrer to the bill, which the court overruled, and she was allowed until the 17th day of May, for the filing of her answer. Neither she nor Griggs filed an answer within that time, but the latter, on May 31, 1913, tendered his answer, to the filing of which the plaintiff objected, and the motion for submission of the cause was renewed. On the 14th day of June, 1913, Griggs again tendered his answer and Sarah A. Waggy tendered hers also. Objections to the filing of the same having been interposed by the plaintiff, the court took time for consideration. On the 19th day of July, 1913, it overruled the objections and permitted the answers to be filed, but overruled a motion for a continuance to enable the defendants to take testimony in support of their answers; and, on July 28, 1913, entered the decree complained of.

The motion for submission and protest against the filing of the answers, were founded upon the plaintiff's construction of sec. 30 of ch. 125 of the Code, ser. sec. 4784, reading as follows: "A plaintiff in equity may have any plea or demurrer set down to be argued. If the same be overruled, no other plea or demurrer shall afterwards be received, but there shall be a rule upon the defendant to answer the bill; and if he fail to appear and answer the bill on the day specified in the order, the plaintiff shall be entitled to a decree against him for the relief prayed for therein." Lack of an express negation in the statute, of right to file an answer, after default, and the provision of sec. 53 of ch. 125 of the Code, ser, sec. 4807, saying: "At any time before final decree, a defendant may file his answer, but a cause shall not be sent

to the rules or continued, because an answer is filed in it, unless good cause be shown by affidavit, filed with the papers therefor,'' constitute the basis of the claim of right to file the answers and of the action of the court in permitting them to be filed. For the plaintiff, it is insisted that these two pro-visions have, by legislative design, separate and distinct offices or functions, and are not to be read, interpreted and applied under the same circumstances. In other words, it is said section 30 applies, in the case of a failure to comply with a rule to answer, and section 53, in the case of mere delay with-out disobedience of a rule. For the defendant, it is insisted that the two sections are to be read and applied together and that, properly understood, they do not conflict.

Section 30 is only a declaration of an ancient rule of equity practice, with statutory modifications made to accelerate procedure. *Hays* v. *Heatherly,* 36 W. Va. 613, 621. By sec. 100 of ch. 66 of the Code of 1819, the defendant was required to answer within two calendar months, after the overruling of his plea or demurrer, and sec. 101 of that chapter pro-vided that, in case of a refusal to answer after the overruling of a demurrer, the bill should be taken as confessed and the matter thereof decreed. Sec. 32 of ch. 171, of the Code of 1849, provided that after the overruling of a plea or demurrer, no other plea or demurrer should afterwards be received, but that there should be a rule upon the defendant to answer the bill. The effect of this was to enable the court to fix the time within which an answer should be filed, instead of leaving it under an arbitrary statutory rule. Though the amended statute found in the Code of 1849 did not say a decree might be taken on the bill, after default, the power of the court to decree upon it, as fixed by general equity practice, was as ample as if it had been declared in the statute. The amend-ment found in sec. 30, ch. 125, of the Code does no more than declare antecedent and existing power of the court as to that. Its purpose was to embody in the statute, what was already well defined in practice. It had been previously held that a default respecting the filing of an answer did not preclude the defendant from filing it at any time before final decree, under the statutory guaranty of the right to do so. *Coles* v. *Woodson,* 6 Gratt. 78. The statutory declaration of this right

dates back as far as March 7, 1826. Supp. R. C., 1819, p. 130. With slight variations, this statute has been carried down to the present time.

The fallacy in the argument for the plaintiff in error is its assumption of a denial in sec. 30, of right to file an answer, after default. In the absence of an express provision inconsistent therewith, it might arise by implication from the terms of the statute, declaring the plaintiff entitled to a decree. But as there is no express denial of a right so to file an answer, it arises only by implication. If that implication were not negatived by any other provision, it might have to stand and be respected, but there is another provision, expressly giving the defendant right to file his answer at any time before final decree. The question is one of legislative intention. The implication indicates intention, it is true, but the express words found in sec. 53 indicate it more clearly and emphatically, and these words are in irreconcilable conflict with the implication, wherefore the latter must necessarily yield, and the two sections read together are not deemed to be in conflict, because, all of the legislative terms being read, they are entirely consistent. The inconsistency claimed arises only from the attempt to insert additional words, by implication, unnecessary implication. Such construction is not warranted by the rules. *Bank of Weston* v. *Thomas,* 75 W. Va. 321, 83 S. E. 985; *Bank* v. *Jacobs,* 74 W. Va. 525.

Whether sec. 30 uninfluenced by sec. 53, would give the right claimed by the plaintiff in error, it is unnecessary to say; but the implication arising from its terms might be required to yield, on account of its inconsistency with a firmly established rule, not expressly abrogated, for there is a presumption against legislative intention to innovate upon settled principles. *Coal & Coke Ry. Co.* v. *Conley & Avis,* 67 W. Va. 129. In cases of defaults as to answers, there are two classes, one in which the defendant is not present demanding the right to answer after default and the other in which he is present demanding such right. The statute in question would clearly apply to cases of the former class, and thus it would have effect. It would not be necessary to apply it to the other class, in order to make it operative. In as much as

it is not specifically made applicable to that class, *eo nomine,* and the implication would be inconsistent with long established practice in such cases, it might still have to yield, under the principle or rule of construction above referred to.

The presumption of a gift arising from the relation of the parties has been sufficiently rebutted by the evidence of the plaintiff and his daughter. Both swear to an express understanding and agreement between the plaintiff and his wife, that she would hold the land in trust for herself and him, and he swears the conveyance was made to her, by his direction, in pursuance of that agreement. The presumption has no better foundation in authority than has the right of the husband to rebut it by oral proof of an agreement inconsistent with it. *Ludwick* v. *Johnson,* 67 W. Va. 499; *Johnson* v. *Ludwick,* 58 W. Va. 465; *Smithsonian Institution* v. *Meech,* 169 U. S. 398. Some of the answers of the witnesses were responses to leading questions, but, if these answers were excluded or ignored, there are others of the same import that are free from this objection. Another criticism of the evidence is that it is oral and dependent upon the recollections of the witnesses. This objection is equally untenable, for it is well settled that the trust here asserted is provable by oral testimony, and, while it must be clear, this quality is not wanting in the evidence of the plaintiff and his daughter. Both are positive and emphatic in their statements and they are uncontradicted. A copy of an alleged written contract of purchase of the land in the name of the plaintiff, called a title bond, was introduced without a sufficient foundation for the introduction of secondary evidence having been laid, but this paper is not essential to proof of the plaintiff's right. If properly shown, the circumstance would strengthen his case, but the evidence is sufficient without it.

Nowhere except in the answers of the defendants, to which there are general replications and which are wholly unsustained by any evidence, is there a suggestion of a conveyance of the land by the husband to the wife, with intent to defraud his creditors, or that Griggs was a purchaser for value and without notice. In his cross-examination, Waggy admits unsuccessful land transactions out of which indebtedness may have arisen. He admits a judgment against him in an action

for $18,000.00, but, for how much, or whether paid, does not appear. He does not admit the existence of any indebtedness at the date of the deed, nor is it otherwise established. The admissions do not justify an inference of fraud in the conveyance. The other defense is an affirmative one. Griggs's purchase of an equitable title belonging to Waggy could be upheld only by allegations and proof of a *bona fide* purchase for value and without notice. *Lohr* v. *George,* 65 W. Va. 241, 248; *Bowlby* v. *DeWit,* 47 W. Va. 323, 327; *Bowman* v. *Rust,* 6 Rand. 587; *Tomplins* v. *Mitchell,* 2 Rand. 430. The bill does not admit any such purchase. On the contrary, it unnecessarily charges that Griggs had notice of the plaintiff's title. There is no admission in the testimony of a *bona fide* purchase or payment of value by Griggs. He must deny notice whether charged or not and allege and prove his good faith and payment of value. To prevail, the claimant must establish all of them. The mere possibility of such a defense does not preclude the right shown by the bill and proof.

There was no error in the refusal of a continuance. The affidavit filed in support of the motion therefor, failed to show any cause. Both defendants were in default, and, while they had the right to file their answers, the statute denied them right of continuance, except for good cause shown. Nothing was offered by way of excuse for failure to comply with the orders of the court, except reliance upon advice of council that they were under no duty to put themselves in a state of preparedness for a special term of court. At that term, the plaintiff came in and demanded a decree which the statute declared him to be entitled to, if his bill and proof were sufficient. It also emphatically declared the filing of an answer gave no right of continuance. By their failure to comply with the law and the orders of the court, the defendants found themselves in a very disadvantageous position, from which the court could afford them no relief, without violation of the plaintiff's right. They could have availed themselves of the whole period allowed, March 21, to May 1, and there would not have been time for the taking of their proof for the special May term, but their answers would have enabled them to prevent a submission of the cause at that term. That the evidence could not have been taken for lack

of time, was no excuse for their failure to plead. One of the defendants was given a subsequent opportunity to answer and she let that go by. The misapprehension leading to these unfortunate results was one of law, not of fact. Hence the affidavit was manifestly insufficient.

Instead of dismissing the plaintiff's bill, the court should have adjudged and decreed the tract of land to be a trust estate in the hands of Sarah A. Waggy, for the use and benefit of herself and the plaintiff. Having admitted a conveyance to her for their joint benefit, he cannot have a decree of sole ownership. There was a partial, but not an entire, gift. Denial of plaintiff's right to the interest retained and deprivation of the benefit and enjoyment thereof, justified his resort to a court of equity for relief, and the wife's conveyance of the whole of the land to a stranger who has failed to establish the essential elements of title by purchase in violation of the plaintiff's equity, gave him right to relief against her deed. She holds the entire tract for their joint use and benefit. *Price* v. *Price,* 68 W. Va. 389, 391; *Tally* v. *Ferguson,* 64 W. Va. 328; Hill on Trustees, pp. 76-79. Admission of Griggs to the use and enjoyment of the property was a breach of the trust and an improper diversion of the trust subject. The court should have entered a decree declaring the character and effect of the deed under which Sarah A. Waggy holds and the rights of the parties in the land and setting aside the deed to Griggs. Such a decree will be entered here and the cause remanded for such disposition of the answers of Robert G. Linn, administrator of the estate of G. D. Camden, deceased, claiming a lien on the land for purchase money, and of the Philadelphia Company, claiming an oil and gas lease on it, as may be consistent with law and the rights of the parties.

*Reversed, decree for plaintiff, and remanded.*