# CHARLESTON.

HALL v. O'BRIEN, *Judge, et al.*

Submitted September 3, 1924.    Decided September 9, 1924.

1. COURTS—*Circuit Courts May Prescribe Reasonable Rules of Practice on Which Litigants May Rely.*

The circuit courts have power to prescribe rules of practice not unreasonable, oppressive, or obstructive of the rights of litigants, for the orderly and expeditious conduct of the court's business; and when such rules are adopted they have the force of law as to the conduct of the business on which litigants may rely. (p. 81).

(Courts, 15 C. J. §§ 275, 288).

2. SAME—*Rule That no Contested Cause Shall be Heard or Decided at Any Special Term Except by Agreement Held Not Unreasonable.*

A rule adopted by a circuit court and of long standing, to

the effect that no contested cause will be heard, considered, or decided at any special term except by agreement of the parties interested, is not unreasonable, oppressive, or contrary to organic or statutory law, but tends to promote, rather than delay or deny, the rights of the litigants. (p. 81).

(Courts, 15 C. J. § 278).

3.  MANDAMUS—*Will Not Lie to Compel Circuit Court Judge to Violate or Disregard Reasonable Rule of Procedure.*

Mandamus will not issue to compel the judge to violate or disregard such adopted rule of procedure. (p. 83).

(Mandamus, 26 Cyc, p. 190 [1926 Anno]).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Application for writ of mandamus by R. C. Hall against W. H. O'Brien, Judge, and others.

*Writ denied.*

*Thos. P. Ryan* and *W. S. Ryan,* for relator.

*W. H. O'Brien,* in pro. per.

*H. A. Ritz* and *Raymond Dodson,* for respondent United Fuel Gas Co.

LIVELY, JUDGE:

R. C. Hall, relator, prays for a writ of mandamus against the Judge of the Circuit Court of Roane County, compelling him to allow to be submitted to him for decision a chancery cause in that court pending, the style of which is *R. C. Hall* v. *L. A. Douglas et als.,* the object of which is to obtain partition of a small tract of land and cancellation of conflicting claims to plaintiff's title, as a cloud thereon.

The bill in this chancery suit was filed at December Rules 1923, and at the regular January term following, a defendant, the United Fuel Gas Company, demurred to the bill, which demurrer was overruled, and the demurrant given thirty days from the adjournment of the court in which to answer. None of the other defendants have appeared. At the following May term held the first Monday in May, the cause was not presented to the court for decree. The petition in this mandamus proceeding alleges that the court, because of the presence of jury and the consideration of jury cases would not take up chancery matters. That regular term was ad-

journed until the 9th day of June following and the cause was not then asked to be submitted and no action was taken therein. The petitioner in this mandamus proceeding gives as a reason therefor that the principal counsel for the United Fuel Gas Company had, on the day before, met a tragic death, and he was requested by other counsel for the Company to let all cases in which the Gas Company was interested be continued. At the close of the adjourned term the Judge called a special term for the 21st day of June, 1924, for the purpose of hearing two cases. On that day, after the two cases set for trial were disposed of, counsel for relator presented to the court the chancery file, accompanied by a draft of a decree which he desired entered, and asked the court to take the cause, decide it, and enter the decree. The court refused to do so, and on July 2, 1924, relator obtained the alternative writ of mandamus from this court.

The Judge and the United Fuel Gas Company have made returns to the alternative writ. By the return of the Judge it is averred that the court declined to take the cause for decision and declined to enter the decree presented for two reasons: First, that he did not have time within the limited period available for the special term to examine the papers and enter the decree; that he had sickness in his family and was obliged to adjourn the special term in time to leave on the 11:55 A. M. train for home, and had announced that situation and intention at the opening of the court that morning; that because of these reasons he did not have time to hear arguments and properly consider chancery causes. Second, that for more than eleven years a rule of practice had been adopted and adhered to in his circuit, which provides that no case in which there is a defense and objection by any party in interest will be heard, considered, or decided at any special term except by agreement of the parties interested; and that when the cause was asked to be submitted the counsel for the defendant Gas Company objected to its submission or hearing at a special term. In answer to the allegation in the petition that nothing was done in the chancery causes at the May term because of the trial of jury cases, the return says that this allegation is not true, and with the return there is exhibited a certificate from the Clerk showing that chan-

cery causes were taken up and disposed of, and that decrees were entered in the first part of that term in forty different chancery causes.

The return of the Gas Company is to the effect that after its demurrer was overruled at the January term, 1924, and thirty days given in which it could file an answer, negotiations were opened between it and the plaintiff for an amicable settlement of the difference between them in litigation in that cause, and for that reason no answer was filed and no further proceedings taken until counsel for relator at the special term moved the court to take the papers and enter a decree; that it was then taken by surprise and had no intimation until then that the negotiations for settlement had been abandoned by relator, and its counsel so stated to the court and objected to the submission of the cause for that reason, until it could prepare its answer; and it also relied upon the rule of practice promulgated by the court to the effect that no contested cases would be tried at a special term, except by consent of both parties. The facts set up in the returns are not controverted by any pleading. Relator moved to quash the returns as insufficient.

The counsel for relator argues that it was his clear right to have the cause submitted and the decree entered at the special term, and that it was the plain duty of the court to take the cause and decide it when requested so to do. He relies upon the cases of *Bartrug* v. *Edgell*, 80 W. Va. 220, 92 S. E. 438; *Waggy* v. *Waggy*, 77 W. Va. 144, 87 S. E. 178; *McLaughlin* v. *Sayers*, 72 W. Va. 364, 78 S. E. 355; and *Wilson* v. *Kennedy*, 63 W. Va. 1, 59 S. E. 736. These cases are to the effect that where a defendant has not filed his answer within the time prescribed by a rule to answer, he may file his answer at any time thereafter before final decree, but is not entitled to a continuance unless he files an affidavit showing good cause therefor. Although under Section 30, of Chapter 125 of the Code a plaintiff is entitled to a decree if the defendant fails to answer on the day specified in the order requiring him to do so, this does not preclude defendant from filing his answer at any time before final decree; but the filing of such answer after the time given for filing by the rule, will not entitle defendant to a continuance

unless good cause be shown therefor by affidavit, as provided in Section 53, Chapter 125 of the Code. Relator was entitled to the relief warranted by his bill at the special term, unless the rule adopted and practiced in that court precluded him therefrom, but the Gas Company was then entitled to present its answer. Had the answer been filed when the cause was offered for submission at the special term, no evidence having been taken for plaintiff, the cause might have been submitted upon bill and answer at the option of the plaintiff. Whether upon the coming in of an answer such course would have been taken is problematical, depending, of course, upon the substance of the answer. The reason given for not filing the answer, then and there stated in open court by counsel as sworn to in the return, is that negotiations had been pending for a settlement out of court, and no intimation up to that time had been made that the efforts for settlement had been abandoned on the part of the plaintiff; that the Gas Company was taken by surprise, and did not then have time to prepare its answer. The court was about to adjourn the special term and leave on the 11:55 A. M. train. Under these circumstances who can say that the court has abused its discretion in not taking the cause and entering the decree tendered, thus preventing the Gas Company from entering its defense? It does not appear that the statement made by counsel for the Gas Company was controverted. It is not denied by the motion to quash the return.

The court, however, relies upon the want of time at the special term to take the cause, consider it, and enter a proper decree thereon; also because of the rule of court above set out. Is the return sufficient? The courts have ample power to adopt reasonable rules for conduct and dispatch of business, including the power to interpret and apply them, unless they are in conflict with law and unreasonably oppressive, or obstructive of the rights of litigants. *Citizens Bank* v. *Dixon,* 94 W. Va. 21; *Star Piano Co.* v. *Burgner,* 89 W. Va. 475, 109 S. E. 491. Is the rule in question a reasonable one not inconsistent with any law? Whether a special term of his court be held is within the discretion of the judge. If he thinks that public interest requires a special term he may call it and prescribe in the warrant whether a grand or petit jury

are to be summoned, or he may hold the term without either. Section 8 of Chapter 112 of the Code says that any cause, civil or criminal, and any motion or proceeding, ready for trial or hearing *may be tried, heard and determined* at any such special term the same as if it were a regular term of such court. If the judge did not have reasonable control over cases at a special term the length of the term would be so unreasonably extended that it would tend to prevent the calling and holding of special terms. The statute does not prescribe that all cases which might be heard and determined shall be heard and determined. No litigant has a right to compel the holding of a special term. He cannot speed his cause in that way. The statute does not, in positive terms, give him the right to demand the disposition of his cause at a special term. The rule is not subversive of the law and does not destroy any right that a litigant has thereunder. It tends to promote the holding of special terms when public interest or welfare demands and for the orderly and expeditious conduct of the business to be dispatched. We think the rule is a reasonable one and does not violate any organic or statutory law. It was held in the *Waggy* case that a defendant against whom a rule to answer had been issued could not excuse himself from filing an answer within the time prescribed within the rule by relying upon a local rule of practice relieving one from the duty of preparing chancery causes for submission at special terms, and the failure of defendant to answer would give the plaintiff the right to his relief at the special term if his bill and evidence were sufficient. There seems, (from the opinion), to have been no rule of court set up in that cause. By referring to the original record we find that the excuse which one of the defendants gave for not filing answer within the time prescribed by the rule to answer, was that her counsel had informed her that there was such a rule of practice on which information she relied. That rule, if any existed, clearly would not relieve her from the rule of the court positively requiring her to answer the bill within the stated time. The rule we have before us has nothing to do with the preparation of cases for trial; it is that no case shall be tried at a special term,

whether prepared or not, in which there is a defense and objection by any party in interest.

It will not be necessary to consider the other reasons given for not taking the chancery cause and hearing it, set up in the returns. The rule being a reasonable one and not subversive of law or right, is sufficient to prevent the issuance of the mandatory writ.

The special term ended after being in session for only a few hours. We are now asked to compel the judge by mandamus to take the cause and enter a decree therein, as of the date of the special term. The petition does not disclose that the Judge has been asked to take the cause and decide it since that term ended. He has had no opportunity to do that which we are asked to compel him to do. The relief asked for here might or might not be accorded upon proper application to the lower court therefor.

*Writ denied.*