ZETTA L. BEATTY *et al. v.* UNION TRUST & DEPOSIT COMPANY *et al.*

(No. 9150)

Submitted February 19, 1941. Decided March 4, 1941.

*Marshall & Forrer* and *Forbes R. Hiehle,* for appellants. *Hoff & Moore, Thayer M. McIntire* and *Robert B. Mc-Dougle,* for appellees.

KENNA, PRESIDENT:

This chancery cause was instituted in the Circuit Court of Wood County by Zetta L. Beatty and Jean M. Broidie

against Union Trust & Deposit Company as executor and as trustee for the purpose of attacking the validity of provisions contained in the will of Margaret L. McKee, which was probated February 23, 1924. The trial chancellor held the questioned provisions invalid, and this appeal was granted to the defendant below.

According to the allegations of the bill of complaint, a demurrer to which was overruled, the provision under consideration is found in the fifth paragraph of the will, the controversial part of which reads as follows: "Fifth: I wish to create a permanent fund the accumulated interest of which shall be used from time to time in placing worthy homeless old women in some one of the Protestant Homes maintained for the purpose of affording a permanent home for shelterless old women. * * *." Certain described real estate is set apart for the creation of the fund to be used by the Union Trust & Deposit Company as will best advance the interests of the project. Other real estate is left in trust for the benefit of the testatrix' brother at whose death it and some remaining stocks and bonds are to be treated as a part of the permanent fund for providing homes for worthy homeless old women.

There can be no question but that the language is entirely too vague and indefinite to be valid if confined to a testamentary disposition to persons for private use. We believe that that fact may be safely assumed, so that this decision then rests upon the extent to which the doctrine of charitable uses has been established or expanded in this state.

In the decided cases, due to the late discovery of certain English chancery records, there is considerable confusion concerning charitable uses, the underlying reason for which is fully discussed by Judge Williams in *Hayes* v. *Harris*, 73 W. Va. 17, 80 S. E. 827, only the rough chronology of which we will iterate here.

In 1819, the Supreme Court of the United States, in *Baptist Association* v. *Hart*, 4 Wheat. 1, pronounced that charitable uses rested upon the terms of 43 Elizabeth, which had been definitely repealed by the General Assembly of Virginia, and that consequently the *cy pres*

doctrine had been repudiated in that state, and the bequest under consideration for that reason was invalid by reason of indefiniteness.

In 1833, the Virginia Court of Appeals in *Gallego* v. *Attorney General,* 3 Leigh 450, 24 Am. Dec. 650, followed the theory of the Hart case, and held the *cy pres* doctrine not effective in Virginia.

In 1844, the Supreme Court decided *Vidal* v. *Girard, Exr.,* 2 Howard 127, 11 L. Ed. (Extra Ann. Ed.) 205 (opinion at p. 228, annotation at appendix page 282), and altered its attitude toward the *cy pres* doctrine resting upon the statute of 43 Elizabeth, declaring it to be a common law (equitable?) doctrine not dependent upon statute.

In 1850, the Supreme Court, in the case of *Wheeler* v. *Smith,* 9 How. 55, 13 L. Ed. 44, again had under review the question of whether the *cy pres* doctrine prevailed in the Commonwealth of Virginia, and it held that the doctrine pronounced by the Court of Appeals of Virginia in the *Galligo* case had established a rule of property and for that reason remained controlling. Until recently, that has been the well-established doctrine in West Virginia, exemplified by the *Hays* case and by a number of subsequent decisions.

Counsel are in accord that until the enactment of our present statute (Code, 35-2-2), the English doctrine of charitable uses generally known as *cy pres* was not in force in West Virginia. Counsel are not in agreement as to the effect of the adoption of our present *cy pres* statute, appellant contending that in spite of the terms of our present statute of charitable uses, the decision of this case rests upon the meaning of Chapter 46 of the Acts of the Legislature of 1923, being a consolidation of sections three and ten of chapter fifty-seven of the Code of 1923, the sections in question having been enacted in 1868 and amended in 1885.

In answer to the appellant's position, the position of the appellee is that the only necessity for our present *cy pres* statute of 1931 was to establish a doctrine that was not in effect prior to its enactment. If at the time the 1931

act was adopted, it was necessary in order to establish the doctrine of charitable uses in this state, it follows as a matter of course that Chapter 46 of the Acts of 1923 and previous enactments cannot be construed as affecting the *cy pres* doctrine but should be limited to the named institutions, lodges and organizations and the added language "or purpose" restricted by the rule of statutory construction that the enumeration of several things belonging to a fixed class restricts a general term which follows to things of a similar kind.

We are of the opinion that it is quite clear that Chapter 46 of the Acts of Legislature of 1923, as heretofore construed, had for its purpose the curing of otherwise invalid conveyances, gifts, bequests and devises to benevolent institutions, naming a number of them, and including the language "or other benevolent association or purpose," the words "or purpose" having been added by virtue of the 1885 amendment. We are under the impression that the well-known maxim of statutory construction *ejusdem generis* (of the same kind) should be applied to the construction of this statute, and that its application limits the effect of the enactment to benevolent institutions or charitable instrumentalities, including, of course, trustees as in the *Hays* case. See 25 R. C. L. 996, Par. 240. The trustees named in the will under consideration in the *Hays* case were instructed to establish a city hospital which should treat "the sick poor" without charge, the primary purpose being the establishment of a charitable instrumentality, or rather, one the operation of which should include a charitable purpose. It seems that the plain differentiation of the case before us from the *Hays* case lies in the fact that the testatrix here attempted a provision, not for benevolent institutions, but for the purpose of "placing worthy homeless old women" in benevolent institutions, restricting the definition of the latter to Protestant homes maintained for the purpose of supplying homes for shelterless old women. Stating the same proposition concisely, the provision in the will before us is of no direct benefit to a benevolent organization of any kind; its purpose is to instruct the testatrix'

trustees to place certain persons that the testatrix tried to classify in benevolent institutions.

We believe that what has just been said conforms to holdings of this Court in the *Hays* case and also in the following West Virginia cases, all of which have declined to apply sections three and ten of chapter fifty-seven, some of them after the amendment of 1885 adding the words "or purpose." We are further of the opinion that this view of the statute in question is supported by the present West Virginia statute of charitable uses, which went into effect in 1931, being expressly made non-retroactive. Clearly, the thirty-one act, had it been in effect at the operative date of the will before us, would have validated it, and clearly if the appellant's view concerning Chapter 46 of the Acts of 1923 is correct, then the act of 1931 was, for practical purposes, unnecessary. Therefore, the act of 1931 must be looked upon as a legislative construction limiting the operation of the preceding statute, which, while not binding, is extremely persuasive. *Southern Ry. Co.* v. *U. S. Casualty Co.,* 136 Va. 475, 118 S. E. 266; *People* v. *Weitzel,* 201 Cal. 116, 255 P. 792, 52 A. L. R. 811. Though it does sometimes occur, unless necessary, statutes should not be construed so that two enactments in effect cover the same subject matter, wholly or in part. *Reeves* v. *Ross,* 62 W. Va. 7, 57 S. E. 284; *First Nat. Bank, etc.,* v. *De Berriz,* 87 W. Va. 477, 105 S. E. 900.

Summing up, we are of the opinion that the description of the class of beneficiaries—"worthy homeless old women"—is invalid for indefiniteness unless saved by the doctrine of charitable uses, and that Chapter 46 of the Acts of 1923 does not render the provision before us effective because applicable to benevolent institutions, none of which benefit by this provision. Therefore, there was, when the will before us became effective, no equitable doctrine nor statute in effect that would support the provision under consideration.

The record before us also involves a matter of procedure which, although we have not stated it as controlling, we believe should be commented upon. The chancellor having overruled a demurrer to the bill of complaint, an order

was entered under the provisions of Code, 56-4-56, on February 18, 1938, granting the defendant the right to answer the bill on or before the fourteenth day of March, 1938. The defendant tendered and filed its answer on the seventeenth day of March, and on the twenty-first day of March, plaintiffs appeared and moved that the order filing the defendant's answer be vacated. Affidavits were tendered both in support of and in resistance to the motion to vacate, which was overruled, and the trial chancellor's holding is assigned as cross-error.

Under the holding of this Court in the case of *Waggy* v. *Waggy*, 77 W. Va. 144, 87 S. E. 178, it was entirely proper to receive, file and consider the defendant's answer. It is to be noted, however, that Code, 56-4-57, upon which the holding in the *Waggy* case was based, has been amended since that opinion was handed down, the amendment having the effect of limiting the defendant's right to file his answer at any time before final decree, if required to file it sooner under the preceding section, which was done in this case. Without regarding the answer of the defendant as indispensable to the presentation of the questions forming the basis of decision, we do not think it necessary to pass upon this question of procedure, but we do wish to direct attention to what otherwise might have proved to be reversible error.

For the foregoing reasons, the decree of the Circuit Court of Wood County is affirmed.

*Affirmed.*